[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendant's motion to strike the second, third and sixth counts of the amended complaint. The motion should be granted.
On March 22, 1994 the plaintiffs, Shartarra Penn, the estates of Jiqwuane Penn and Christie Lance, Jr. by administratrix Shartarra Penn, and Schandrea Penn, a minor, by her mother and next friend Hyacinth Penn, filed a nine count amended complaint against the defendant, New Haven Housing Authority. The first, second, third and seventh counts on behalf of Shartarra Penn allege negligence, loss of consortium, bystander emotional distress and negligence per se. The fourth and eighth count, on behalf of the estate of Jiqwuane Penn, and the fifth and ninth count on behalf of the estate of Christie Lance, Jr., allege wrongful death under General Statutes § 52-555 and negligence. In the sixth count, Schandrea Penn alleges bystander emotional distress.
This action arises out of a fire which occurred on May 22, 1993, in the home of the plaintiff Shartarra Penn (mother) where she was present with her two children Jiqwuane Penn, and Christie Lance Jr., (children) and her visiting sister, Schandrea Penn (aunt). The allegations of the complaint state that the two children died in the fire, the mother was severely injured and the aunt suffered emotional distress.
On March 31, 1994, the defendant filed a motion to strike three counts of the plaintiff's complaint: the second count alleging loss of filial consortium, and the third and sixth counts alleging bystander emotional distress.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142. The court may only consider the grounds raised in the motion to strike and the facts alleged. Blancato v. Feldspar Corporation, CT Page 5129203 Conn. 34, 44; Mingachos v. CBS, Inc., 196 Conn. 91, 108;Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348.
The plaintiffs argue in their memorandum in opposition to the motion to strike that a claim for loss of filial consortium is an emerging cause of action in Connecticut and the most recent superior court decisions recognize it. The plaintiffs argue that Article I, Section 10, of the Connecticut constitution provides that every court shall be open to a person for redress of his injuries. The plaintiffs argue further that an injury occurred to a parent's constitutionally protected interest in her children and the court should provide redress under the Connecticut constitution "by recognizing a claim for loss of filial consortium."
Additionally, the plaintiffs argue that Connecticut recognizes a claim for bystander emotional distress if the Dillon v. Legg,68 Cal.2d 728, 441 P.2d 912 (1968), criteria are met. The allegations that are necessary to sustain a claim under Dillon are: (1) the plaintiff was near the accident scene; (2) the resulting injury was from the direct emotional impact of a sensory and contemporaneous observance; (3) the victim was closely related to the plaintiff. The plaintiffs argue that those allegations are stated in the present case. Lastly, the plaintiffs argue that the supreme court has only directly disallowed claims of bystander emotional distress in medical malpractice cases.
The defendant argues in its memorandum of law in support of its motion to strike that Connecticut does not recognize a cause of action based on either loss of filial consortium or bystander emotional distress.
This court agrees with the claims of the defendant. Connecticut does not recognize a cause of action based on bystander emotional distress. Strazza v. McKittrick, 146 Conn. 714, 719;Amodio v. Cunningham, 182 Conn. 80, 84-85; Maloney v. Conroy,208 Conn. 392, 397.
Nor does Connecticut recognize a cause of action based a loss of filial consortium. Taylor v. Keefe, 134 Conn. 156, 158; Mahoneyv. Lensink, 17 Conn. App. 130, 141; Hopson v. St. Mary's Hospital,176 Conn. 485, 493-496; Gurliacci v. Mayer, 218 Conn. 531, 562-564.
Accordingly, the motion to strike is granted.
Ronald J. Fracasse, Judge CT Page 5130