[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANTS' MOTION TO STRIKE
Lynch, Traub, Keefe Errante for plaintiff.
O'Brien, Tanski, Tanzer Young for defendant.
The complaint alleges that John Dastych suffered permanent, serious brain damage proximately caused by the negligence of the defendants New Britain General Hospital, Gerson Sternstein, M.D., and Grove Hill Medical Center Counseling and Psychiatric Services. The third count of this five count complaint asserts a loss of spousal consortium claim by plaintiff wife, Judith Dastych; the fourth and fifth counts allege claims of loss of parental consortium on behalf of two children, Deborah and Nancy Dastych. Defendants Sternstein and Grove Hill have moved to strike the fourth and fifth counts, each alleging loss of parental consortium, on the basis that said counts fail to state a cognizable claim upon which relief can be granted.
The function of the motion to strike is to test the legal sufficiency of a pleading; like the former demurrer, the motion admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142
(1989). In ruling on a motion to strike, the court "must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." LiljedahlBros., Inc. vs. Grigsby, 215 Conn. 345, 348 (1990). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support . . . a cause of action, the . . . [motion to strike] must fail." Ferrymanv. Groton, supra.
Claims for loss of spousal consortium were judicially established in Connecticut by our Supreme Court's decision in Hopsonv. St. Mary's Hospital, 176 Conn. 485 (1979).[1] The court defined "consortium" as "encompassing . . . the variety of intangible relations which exist between spouses living together in CT Page 12092 marriage" which "intangible elements are generally described in terms of `affection, society, companionship and sexual relations.'"Id. at p. 487. In Mahoney v. Lensink, 17 Conn. App. 130,141 (1991), the Appellate Court, citing the Hopson decision, stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and . . . does not extend to the parent-child relationship. " However, Mahoney involved a statutory cause of action (Gen. Stat. Sec. 17a-542); the court, in Mahoney, went on to state: "No appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Id. at p. 141, fn. 7. There are a number of Superior Court decisions on both sides of the issue. Those cases denying claims for loss of parental and/or filial consortium are generally premised on the legal contention that an actionable recovery for loss of consortium is not to be expanded beyond the bounds of the marital relationship.[2] The cases holding that loss of parental (or filial) consortium claims are cognizable have emphasized the evolving and increased rights of children protected by the federal Constitution, an expanded societal awareness of a parent's necessary role in the upbringing and nurturing of children, this state's expressed (and codified) public policy in favor of strengthening the family and protecting children from injury and neglect (General Statutes Section 17a-101(a)), and the noticeable "movement of the law" in a number of jurisdictions toward recognition of actionable claims for loss of parental and/or filial consortium.[3]
In Connecticut, the judicial action taken by our Supreme Court in Hopson established actionable claims for loss of marital
consortium. Trial court decisions both favoring and disfavoring the extension of consortium loss claims to the parent-child relationship are reasoned and analytical. After carefully reviewing the authorities cited, this court is disposed to accept the reasoning of those courts which recognize a child's action for loss of parental consortium.
Defendants' motion to strike counts four and five of the complaint is denied.