[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101
This case arises from an occurrence on September 13, 1990, during which the plaintiff, Donna Prete, was assaulted by one Anthony Gentile, as a result of which she suffered serious physical injuries. It is alleged that the defendant, Edward Laudano, sold a large quantity of cocaine to Anthony Gentile, which he ingested causing a physical and psychological condition causing him to assault the plaintiff, Donna Prete. The defendant has filed a motion to strike addressed to numerous counts of the complaint.
Counts three and six seek to state a cause of action in strict liability in tort, essentially alleging that cocaine is an inherently dangerous substance, the sale of which gives rise to a substantial likelihood of injury to others. The defendant moves to strike those counts of the complaint as legally insufficient.
The doctrine of strict liability for engaging in an ultra-hazardous activity has evolved in common law to create liability in one who engages in conduct or activity, which, by its very nature, is of such a character that there is a substantial likelihood of harm to others regardless of the exercise of due care. The defendant correctly points out that Connecticut courts have yet to extend this doctrine to a case of this type. However, that fact does not necessarily mean that the doctrine of strict liability should not be so extended. Both parties cite the Restatement of Torts and the six criteria set up therein in order to state such a cause of action. Whether the plaintiff can produce evidence sufficient to prove the facts essential to establishing strict liability on the part of the defendant is, of course, another matter and is not to be dealt with on a motion to strike. However, this court believes that it would be inappropriate to strike the third and sixth counts of the complaint at this time without giving the plaintiffs an opportunity to attempt to prove their allegations at the time of trial.
Counts seven, eight and nine allege loss of consortium on CT Page 415 behalf of Donna Prete's children. The defendant moves to strike these counts of the complaint, citing Mahoney v. Lesnick,17 Conn. App. 130 (1988), in which the Appellate Court stated, at page 141; "The right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." While the plaintiffs cite two Superior Court decisions which recognize such a cause of action, neither address the pronouncement of the Appellate Court in Mahoney. On that basis, those counts alleging loss of filial consortium must be stricken.
Counts ten through fifteen allege bystander emotional distress but do not allege a sensory and contemporaneous observance of the incident causing the injury and thus do not state a cause of action under the present State of Connecticut law. See Amodio v. Cunningham, 182 Conn. 90 (1980); Maloney v. Conroy, 208 Conn. 392 (1988).
Therefore, the motion to strike is denied as to counts three and six, and granted as to counts seven through fifteen.
Bruce W. Thompson, Judge