[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Patricia Gridley, and her son, Alec Gridley, commenced this action on December 10, 1992, for injuries allegedly sustained when the plaintiff, Patricia Gridley, slipped and fell on oil spilled on the sidewalk in front of her residence by the defendant, Sunshine Oil, Inc. In count two, plaintiff, Alec Gridley, seeks damages for the loss of consortium of his mother, Patricia Gridley, due to her alleged injuries. The defendant has filed a motion to strike count two of plaintiffs' complaint on the grounds that a parent-child loss of consortium claim is not recognized in Connecticut.
While the superior court judges are split on this issue; see Toscano v. Sinsteden, 8 CSCR 372 (March 8, 1993, Wagner, J.) (Connecticut does not recognize a parent-child loss of consortium claim), but see Kizina v. Minier, 5 Conn. L. Rptr. 481 (February 7, 1991, Santos, J.) (Children have a cause of action for loss of parental consortium), the Appellate Court in Mahoney v. Lensink,17 Conn. App. 130, 550 A.2d 1088 (1988), rev'd. on other grounds,213 Conn. 548 569 A.2d 518 (1990), stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Id. 141. However, that court did note that "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Id., 141 n. 7.
This court agrees with the reasoning of Judge Wagner in Toscano, supra, and holds that Connecticut does not allow a loss of consortium claim by a child based on injuries to a parent. Therefore, the defendant's motion to srike [strike] count two of plaintiffs' complaint is granted.
McDONALD, J.