[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Krista DiFiore, here alleges that she was a patron in the defendant's supermarket when a display of liquid detergent bottles fell on her, resulting in personal injuries. Count one claims damages for the plaintiff, alleging negligence on the part of the defendant, Stop Shop. Count two alleges loss of consortium on the part of Salvatore DiFiore, husband of Krista DiFiore. Count three alleges loss of parental or filial consortium on the part of Domenic DiFiore, Krista's son.
The defendant moves to strike count three, asserting that there is no cause of action for loss of parental or filial consortium in Connecticut. "The term `consortium' is usually defined as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage." Hopson v. St. Mary's Hospital, 176 Conn. 485, 487 (1979). "The right of consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Mahoney v. Lensink, 17 Conn. App. 130, 141
(1988) rev'd. on other grounds, 213 Conn. 548 (1990).
It is true that no appellate court has directly ruled on this issue. Id. at 141 n. 7. However, the majority of Superior Court judges have relied upon the language of Mahoney and Hopson to hold that Connecticut does not recognize a cause of action for loss of parental or filial consortium. See Lesco v. Royal Glass of Connecticut, Inc., 9 Conn. L. Rptr. No. 14, 427, 428 (August 23, 1993, Zoarski, J.); O'Hazo v. Souza,7 Conn. L. Rptr. No. 2, 62 (August 3, 1992, Langenbach, J.), but see Kiznia v. Minier, 5 Conn. L. Rptr. 481 (1991) Santos, J.). This court has previously held that a claim for loss of parental or filial consortium should be stricken since no such cause of action is recognized in Connecticut. Gridley v. Sunshine Oil,10 Conn. L. Rptr. No. 1, 21 (October 11, 1993, McDonald, J.).
Accordingly, the motion to strike is granted.
/s/ McDonald CT Page 3125 McDONALD, J.