[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this five-count complaint it is alleged that defendant negligently drove her motor vehicle into the plaintiff's home, causing injuries to plaintiff Sonia Ayala and her minor daughter, Amaris Pacheco. The defendant moves to strike portions of the first count as well as the third count of the complaint. CT Page 627
FIRST COUNT
In Paragraphs 9, 11, and 13 of the first count of the complaint it is alleged that plaintiff Sonia Ayala's minor daughter, Amaris Pacheco, sustained injuries and damages as a result of defendant's negligence. The defendant seeks to strike these paragraphs because they refer to Amaris Pacheco who is not a party to the action. Although the summons served is defective, the complaint itself states: "The plaintiff, Sonia Pacheco Ayala . . . brings this action in her own behalf and in her capacity as next friend on behalf of her minor daughter, Amaris Pacheco."
The court finds that the defendant has not been prejudiced by the defect in the Summons, and that by reading the complaint she was made aware of the fact that she was being sued by Sonia Pacheco Ayala in her own behalf as well as in her capacity as next friend for her minor daughter. General Statutes § 52-72 clearly allows an amendment to a summons where the summons contains a defect. Thus, this motion to strike is denied, provided that plaintiffs shall serve an amended process on the defendant in accordance with General Statutes § 52-72(b) by February 15, 1995.
THIRD COUNT
The defendant has moved to strike the third count of the complaint wherein plaintiff Sonia Ayala claims to have been deprived of the consortium of her daughter, Amaris Pacheco. While a minority of Connecticut lower court cases hold that there is a viable cause of action for filial loss of consortium, a majority of the cases hold otherwise. Further, only one or two cases allow such a cause of action by a parent in regard to a child (as opposed to a child's loss of consortium claim in regard to a parent). "No appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v. Lensink,17 Conn. App. 130, 141 (footnote) (1988). Under the facts as plead in this case, the court holds that the loss of consortium claim should not be allowed. The motion to strike the third count is granted. CT Page 628
Frances Allen State Judge Referee