[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Alan Flores, by his parents and next friends, Neftali Flores and Ana Flores; and Neftali Flores and Ana Flores individually, instituted this action against Danbury Hospital, Candlewood Obstetric Gynecological Associates (Candlewood), Mary Ellen May and Jose Henriquez, for damages resulting from the premature birth of their infant son. On March 18, 1993, Ana Flores entered Danbury Hospital for treatment and the next day Alan was born prematurely. They continue by alleging that due to the negligence of the defendants, the child sustained severe and permanent injuries associated with his birth. In count one, they assert that Danbury Hospital was negligent by, inter alia,
failing to diagnose early labor, by improperly discharging Ana Flores from the facility, and by failing to provide a Spanish interpreter for her. In count two, it is claimed that Candlewood, through its employees, Mary Ellen May and Jose Henriquez, was negligent for the above described reasons.
Counts three and four recited the same allegations of negligence described above, and are directed towards defendants, May and Henriquez, individually. Count five is directed at all defendants and seeks damages for emotional distress suffered by Ana Flores. Count six is also directed against all defendants and CT Page 1319-W seeks damages for Ana and Neftali Flores for loss of filial consortium associated with the permanent injuries to their son.
The hospital has filed a motion to strike a portion of the sixth count of the complaint on the ground that Connecticut has not recognized a cause of action for filial consortium. In its memorandum in support of the motion to strike, it cites numerous cases which have held that filial consortium is not a cognizable cause of action under Connecticut law.
The plaintiffs argue that although no Appellate Court has recognized a cause of action for filial consortium, several Superior Court decisions have allowed such claims to stand in the absence of an adverse ruling from an Appellate Court. The plaintiffs also argue that both the United States Supreme Court and the Connecticut Supreme Court have granted constitutional protections to the parent-child relationship,[1] and thus urge this court to do the same by allowing their claim of filial consortium.
The plaintiffs have filed an amended complaint which is identical in all respects except that it corrected a typographical error in count six of the original complaint. For purposes of the motion to strike, the amended complaint controls. However, there are no material changes in the allegations of the amended count six. Counsel for the plaintiffs argued that the hospital's motion to strike is technically improper because it seeks to strike only one paragraph of count six of the plaintiffs' complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted; alterations in original.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-215. In addition, a motion to strike may be used to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotations marks omitted.) Burns v. Hanson,
13 Conn. L. Rptr. No. 19,593 (March 8, 1995, Stanley, J.). "A motion to strike will be granted only when the pleading as a whole fails to state a cause of action or defense; no separate paragraph thereof may be stricken." (Internal quotations marks omitted.) Nunes v. Blake Bus Service, Inc., 3 Conn. L. Rptr. 117
(January 4, 1991, Mancini, J.). Put another way, "`[a] motion to strike a single paragraph is technically improper when theCT Page 1319-Xparagraph does not purport to state a cause of action.'" (Emphasis added.) Fromkin v. Brown, 9 CSCR 329 (March 3, 1994, Hartmere, J.), quoting Michaud v. St. Mary's Hospital,
4 Conn. L. Rptr. (August 21, 1991, Byrne, J.).
Under this analysis, the plaintiffs are correct in their assertion that the hospital's motion to strike is technically improper since it attempts to strike only paragraph twenty-two (22) of the complaint. However, in this case, the disputed paragraph purports to state a cause of action in and of itself Count six, as amended, has twenty-three (23) paragraphs. The first twenty (20) paragraphs incorporate allegations of the previous five counts, and the twenty-first (21st) alleges that Ana and Neftali Flores are the parents of the infant plaintiff, Alan Flores. The twenty-second (22nd) paragraph purports to state a cause of action for filial consortium, and the final paragraph alleges that as a result of the loss of filial consortium, the plaintiffs have sustained damages. The only significant paragraph of count six is paragraph twenty-two (22) — that which attempts to state a cause of action for loss of filial consortium. As such, the hospital's motion to strike that paragraph effectively seeks to strike the entire cause of action for loss of filial consortium.
Turning to the merits of the hospital's motion to strike, the court is constrained to grant the motion to strike paragraph twenty-two (22) as legally insufficient since no appellate authority exists for a cause of action for loss of filial consortium. "No appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v. Lensink,17 Conn. App. 130, 141 n. 7, rev'd on other grounds, 213 Conn. 548, (1990).[2] While the plaintiffs are correct in pointing out that several courts have recognized such a cause of action, the vast majority of courts still reject such claims.[3]
The great weight of authority does not support allowing a cause of action for filial consortium on the current state of the law. This court "must yield to the force of present law which at this time in our history limits the tort of loss of consortium to the spousal relationship. [It] . . . is bound by that precedent unless and until modified by appropriate authority."Klein v. City of Stamford, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 129999 (November 3, 1994, Mottolese, J.). CT Page 1319-Y
The motion to strike is, accordingly, granted.
Moraghan, J.