[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE #110 AND #114
The plaintiffs, Thomas J. Condon, Esq., as Administrator of the Estate of Ronald J. Aldo, and Deborah M. Aldo individually, commenced this action against Eric Guardiani and Patrick Hlavna by service of a writ of summons and complaint on October 11, 1995, for the wrongful death of the plaintiff's decedent due to the alleged tortious acts of the defendants which allegedly caused an automobile collision. The plaintiff, Deborah M. Aldo, as mother of the decedent, brought counts against both defendants for loss of filial consortium. On January 9, 1996, the plaintiffs filed an amended complaint. Two counts were added to the amended complaint on behalf of Ronald G. Aldo, father of the decedent, alleging loss of filial consortium against both defendants.
On January 10, 1996, the defendant Patrick Hlavna filed a motion to strike (#110) the sixth and eighth counts of the amended complaint asserting claims by the parents of the decedent, Deborah M. Aldo and Ronald G. Aldo, respectively, for loss of filial consortium. The defendant Hlavna argues that no cause of action for loss of filial consortium exists under Connecticut law. On January 18, 1996, the plaintiffs filed a memorandum in opposition to the defendant's motion to strike the sixth and eighth counts of the amended complaint. Subsequently, on January 22, 1996, the defendant Eric Guardiani filed a motion to strike (#114) for the same reasons as defendant Hlavna; defendant Guardiani has moved to CT Page 3604 strike the fifth and seventh counts of the amended complaint which assert claims by the parents of the decedent, Deborah M. Aldo and Ronald G. Aldo, respectively, for loss of filial consortium.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted"; NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992); and "may be used to test whether Connecticut is ready to recognize some newly emerging ground of liability." Burnsv. Hanson, Superior Court, judicial district of Middlesex at Middletown, Docket No. 072342, 13 Conn. L. Rptr. 593 (March 8, 1995, Stanley, J.); see also Durham Aqueduct Co. v. C.R. Burr Co., 8 Conn. L. Trib. 13 (April 30, 1981, Higgins, J.).
The primary issue raised by the two motions to strike currently before the court is whether claims for loss of filial consortium are recognized under Connecticut law. Currently, there is a split at the superior court as to whether claims for filial consortium exist under Connecticut law. See Flores v. DanburyHospital, Superior court, judicial district of Danbury at Danbury, Docket No. 320203, 2 Conn. Ops. 283, n. 3 (February 9, 1996, Moraghan, J.) (exhaustive footnote citing 57 reported superior court cases dealing with filial consortium; claim disallowed in 45 cases and allowed in 12 cases; although claim not allowed in the case itself). No appellate level court in Connecticut has "yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoneyv. Lensink, 17 Conn. App. 130, 141 n. 7, 550 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990). This is still true today. See Flores v. Danbury Hospital, supra.
In Mahoney v. Lensink, the plaintiff parents brought claims for the loss of filial consortium from the death of their son at a state mental health facility. Mahoney v. Lensink, supra,17 Conn. App. 131-32. The Mahoney court based its holding on sovereignimmunity when it upheld the denial of the filial consortium claims of the plaintiff parents. Id., 141. The court stated that "[t]he plaintiffs' claim for loss of consortium fails for the same reason as does their claim for funeral expenses." Id. The claim for funeral expenses was barred by the doctrine of sovereign immunity. Id. The Appellate Court, reasoning further, stated in dictum that the right to consortium arises out of the civil contract of marriage. Id. CT Page 3605
It is true that the majority of superior courts have disallowed claims for loss of filial consortium after Mahoney, but these courts recognized that they were merely relying on dicta.[1] This court is of the opinion that filial consortium is a proper cause of action in Connecticut; this court follows the superior court decisions which allow filial consortium claims. SeeFlores v. Danbury Hospital, supra, n. 3. The court finds that the parent-child relationship should be afforded the same protections as a spousal relationship. In fact, this court finds authority for that proposition in a pronouncement by the Connecticut Supreme Court in Hopson v. St. Mary's Hosp., 176 Conn. 485, 408 A.2d 260
(1979). In Hopson, the court stated that "an injury to one's spouse may turn a happily married man or woman into a lifelong nurse and deprive him or her of an opportunity of having childrenand of raising a family." (Emphasis added.) Id., 493. Although the Connecticut Supreme Court was dealing with a spousal consortium claim in Hopson, this court cannot see any rational reason to distinguish between the right to have and raise a child as a component of spousal consortium, and a right to a claim for loss of filial consortium when a parent is deprived of the opportunity to have and raise that same child. The court finds this to be a compelling public policy argument for protecting the sanctity of the family.
Even though the dicta from the appellate level courts emphasize that consortium arises out of the "civil contract of marriage," this court feels that a birth certificate, or certificate of adoption, is equivalent to a marriage license for consortium purposes. These legal documents confer both rights and obligations and create legally protected family relationships; these relationships should be protected by the law when hindered or destroyed by an alleged tortious act. Therefore, this court sees no justification for distinguishing the spousal relationship from the parent-child relationship as far as permitting loss of consortium claims in the former legal relationship and denying such claims in the latter.
For the reasons set forth above, the defendant Patrick Hlavna's motion to strike (#110) the sixth count of the amended complaint is denied, and the defendant Eric Guardiani's motion to strike (#114) the fifth count of the amended complaint is also denied. Both of these counts allege Deborah M. Aldo's loss of filial consortium.
The court believes that the seventh and eighth counts, CT Page 3606 regarding Ronald G. Aldo's alleged loss of filial consortium, are a nullity. Ronald G. Aldo is technically not a plaintiff in this action because he is not named in the writ of summons and no motion has been made to add him as a party plaintiff. Therefore, the seventh and eighth counts of the amended complaint are ordered stricken without prejudice.
SKOLNICK, J.