[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants move to strike the third, sixth and ninth counts of the plaintiffs' complaint which allege loss of consortium by children of an injured party, claiming that said counts fail to state a cause of action recognized in Connecticut CT Page 3920
Since the first reported decision which considered and rejected a cause of action for loss of parental consortium,Clark v. Romeo, 561 F. Sup. 1209 (1983), numerous trial court decisions have come down on either side of the issue resulting in a significant split of authority with no resolution by the appellate courts. See Mahoney v. Lensink, 17 Conn. App. 130,141, n. 7 (1988).
On a prior occasion, this court rejected such a cause of action based on the lack of consistency among decisions at the trial level on the issue, and the argument that the viability of such a cause of action should be a policy decision for the legislature, Cassella v. Baynsik, Superior Court, judicial district of Waterbury, Docket No. 0118897 (May 27, 1994). However, as well reasoned decisions continue to mount favoring recognition of the loss of parental consortium, particularly in view of our Supreme Court's recognition of the loss of marital consortium, Hopson v. St. Mary's Hospital, 176 Conn. 485, 496
(1979), it's becoming increasingly apparent that "the reasoning and analysis which led our Supreme Court to recognize a cause of action for loss of marital consortium in Hopson should be logically extended to the analogous claim for loss of parental consortium." Ammerman v. Johnson, Superior Court, judicial district of Waterbury, Docket No. 0121129 (October 24, 1995).
Two particularly compelling decisions in this regard areKizina v. Minier, Superior Court, judicial district of Waterbury, Docket No. 099375 (January 24, 1992) and Shabazz v. Price,
Superior Court, judicial district of New Haven, Docket No. 0353763 (April 22, 1994); decisions which require little further elaboration by this court. Arguably, the need for the love and companionship of one's spouse pales in comparison to the developmental needs of a child for a parent, as do the respective benefits to society. Given the increased recognition of the benefits of parental care and management both to the child and to society, there remains no legitimate basis for the acceptance of loss of marital consortium as a cause of action and the rejection of the loss of parental consortium.
Defendants' motion to strike is denied.
FASANO, J. CT Page 3921