[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a motion to dismiss the third-party complaint of Superior Ambulance Co., Inc. against Albert J. Solnit, dba Cedarcrest Hospital and/or Cedarcrest Hospital. Cedarcrest Hospital is a "state operated facility" providing treatment for mentally disordered adults, and the motion to dismiss has been brought on the grounds of sovereign immunity.
On or about June 8, 1993, the plaintiff, Diane Sheehan, was involuntarily admitted to Cedarcrest Hospital. She was suffering from depression and suicidal tendencies, with related drug and alcohol problems. She was released by Cedarcrest on the morning of June 13, 1994. That evening, she was visited by a representative of North Central Mental Health Systems. She was found to be intoxicated, and unwilling to "contract" for her own safety. It was decided that she would be readmitted to Cedarcrest. As she was being transported to Cedarcrest in a Superior Ambulance Co., Inc. vehicle, she exited the ambulance while the vehicle was in motion. She brought the underlying suit against Defendant/Third Party Plaintiff Superior Ambulance Co., Inc., alleging personal injury. The third party complaint has been brought as described above alleging that the negligence of Cedarcrest was the proximate cause of plaintiff's injuries, CT Page 9687 alleging, inter-alia, that Cedarcrest discharged the plaintiff when she was still at risk for suicide[1]. The second count of the third party complaint seeks indemnification from Cedarcrest for any damages Superior Ambulance Co., Inc., is required to pay to the original plaintiff.
The motion to dismiss claims sovereign immunity of the state, its agents; etc. and therefore, that the court lacks jurisdiction; that the third party plaintiff, Superior Ambulance Co., Inc., cannot as a matter of law and fact state a cause of action that should be heard by the court.
The third party plaintiff, hereinafter "Superior" objects to the motion to dismiss claiming that CGS §§ 17a-542 and 17-550 bring it within the limited exception to sovereign immunity.[2]
The leading case on this issue is Mahoney v. Lensink,17 Conn. App. 130, 136, 141 (1988) which held that CGS § 17-206k (now CGS § 17a-550) is a waiver of sovereign immunity. "We conclude that CGS Sec. 17-206k was intended by the legislature to authorize direct civil actions against the state or its commissioners by patients of state mental health facilities aggrieved by violations of CGS Sections 17-206b and 17-206c." emphasis added. CGS §§ 17-206b and 17-206c are now CGS § § 17a-541 and 17a-542 respectively.
However, as noted above, the Appellate Court concluded thatpatients are, by CGS § 17-206k/17a-550 allowed to sue the state. It says nothing about other parties. Further, although it allowed the decedent patients's estate to bring suit, it stated that the parents of the decedent, as individuals, did not fall within the provisions of the waiver of sovereign immunity under CGS § 17-206k/17a-550; that they do not belong to the class of persons to whom rights are afforded under CGS §§ 17-206b/17a-541 and 17-206c/17a-542. These sections refer specifically to the rights of "patients" and no one else. They are even included in what is known as the Patient Bill of Rights CGS § 17-206k/17a-550 specifically apply to persons aggrieved by a violation of §§ 17a-540 to 17a-549 inclusive, which include 17-206b/17a-541 and 17-206c/17a-542. GS § 17a-550 is inextricably linked to CGS §§ 17a-541 and 17a-542 which both refer to "patients" and no one else.
The Supreme Court in this case of Mahoney v. Lensink,213 Conn. 548, 551, footnote 5 (1990) noted that "the Appellate Court CT Page 9688 also upheld the judgment of dismissal as to the counts in the plaintiff's complaint brought in their individual capacities that sought funeral expenses and loss of consortium. Mahoney v.Lensink, 17 Conn. App. 130, 141-2. . . . (1988). Because the plaintiffs have not challenged the Appellate Court's ruling on these counts, that judgment is final."
Based upon the Appellate Court's decision, this court concludes for the reasons set forth above that Superior Ambulance is not included in the class of people, "patients" who can benefit from the waiver of sovereign immunity in CGS §17a-550. By linking the Patient Bill of Rights to CGS § 17a-550, the Appellate Court's decision is persuasive. Superior, in its Supplemental Memorandum dated November 1, 1996, offers some interesting arguments, but not sufficient to persuade this court to decide in its favor. Further, this court is bound by the Appellate Court's decision in Mahoney v. Lensink, supra.
Accordingly, the Motion to Dismiss the Third Party Complaint against Albert J. Solnit, Commissioner of Mental Health d/b/a Cedarcrest Hospital and Cedarcrest Hospital is granted.
Rittenband J.