[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103
On October 8, 1997, the plaintiffs, Donald L., Katie L., Amanda M., and Brandon C. McKnight, filed a four count complaint against the defendants, John Schickendanz and K.T.L., Inc., arising out of a 1995 automobile accident. The complaint sounds in negligence (count one), recklessness (count two), loss of spousal consortium (count three) and loss of parental consortium (count four). The defendants have filed a motion to strike the second and fourth counts of the complaint.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiffs], to determine whether the [plaintiffs have] stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
The defendants move to strike the second count of the CT Page 13000 complaint on the ground that "the complaint does not contain a sufficient claim of recklessness to warrant a claim for double or treble damages pursuant to . . . General Statutes § 14-295." Count two of the plaintiffs' complaint realleges the facts of count one and adds that the defendants' violation of General Statutes § 14-218a and General Statutes § 14-240 were "reckless acts and omissions of the [d]efendant."
General Statutes § 14-295 states: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
There is no appellate authority that directly addresses the pleading requirements of General Statutes § 14-295. At the trial court level, there is a split of authority. "In the first line of cases, courts have interpreted § 14-295 as requiring the plaintiff to plead facts sufficient to support a claim of recklessness at common-law, rather than simply alleging that the defendant has violated one or more of the statutory sections enumerated in § 14-295. . . . Additionally, these courts have held that [t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature. . . .
"The second line of cases holds that a plaintiff is only required to allege that the defendant violated one or more of the motor vehicle statutes enumerated in [General Statutes] §14-295. . . . Under this line of cases, the plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes [§] 14-295
and that this violation was a substantial factor in causing the plaintiffs injuries. . . . According to this view, § 14-295
does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." (Citations omitted; internal quotation marks omitted.) Mascia v.Brewer, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149293 (Jan. 6, 1997, D'Andrea, J.). CT Page 13001
This court aligns itself with the courts allowing a cause of action for recklessness provided that the plaintiff has pleaded that "the defendant violated one or more of the statutory provisions enumerated in General Statutes [§] 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries."
In the present case, the plaintiffs have properly pleaded the requisite elements of an action brought under General Statutes § 14-295. The defendants' motion to strike count two, therefore, is denied.
The defendants move to strike the fourth count "on the ground that the plaintiffs have failed to assert legally sufficient claims upon which relief can be granted." The fourth count of the complaint sounds in loss of parental consortium.
There is currently no appellate authority regarding whether Connecticut recognizes a cause of action for loss of parental consortium. In Mahoney v. Lensink, 17 Conn. App. 130, 14155 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 548,569 A.2d 518 (1990), the court stated in dicta that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. " There is a split of opinion at the trial court level regarding this issue. This court, however, aligns itself with the decision found inKohutka v. Mazzucco, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 142751 (Apr. 18, 1995, Lewis, J.), in which that court failed to recognize loss of parental consortium as a valid cause of action in Connecticut. The defendants' motion to strike count four of the plaintiffs' complaint is granted.
Mintz, J.