[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (# 119)
On October 4, 1995, Cindy Marie Garcia PPA, Noel and Iris Garcia, and Noel and Iris Garcia. individually, filed a three count amended complaint against the defendant, Yale New Haven Hospital, alleging various claims in connection with treatment rendered to Cindy Marie Garcia at Yale New Haven Hospital. The plaintiffs assert a negligence claim against the defendant in the first count. In the second count, the plaintiffs, Noel and Iris Garcia, seek to recover the medical expenses incurred on behalf of their daughter, Cindy Marie Garcia, as a result of the defendant's alleged negligence. In addition, the plaintiffs, Noel and Iris Garcia seek damages for the loss of filial consortium in the third count. On October 13, 1995, the defendant filed a motion to strike the third count of the plaintiffs' complaint on the ground that Connecticut does not recognize a cause of action for loss of filial consortium. Together with this motion, the defendant filed a memorandum in support. On March 8, 1996, the plaintiff filed a memorandum in opposition. In addition the defendant filed a supplemental memorandum of law in support thereof dated May 7, 1998. CT Page 8984
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions. . . ." (Emphasis in original; internal quotation marks omitted.) Id., 588. In considering a motion to strike, courts must "construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994).
In its memorandum in support, the defendant relies on the strong language of Mahoney v. Lensink, 17 Conn. App. 130,550 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 548,569 A.2d 518 (1990), and Hopson v. St. Mary's Hospital,176 Conn. 485, 408 A.2d 260 (1979) to establish its argument that Connecticut does not recognize a cause of action for loss of filial consortium. In their memorandum in opposition. the plaintiffs argue that the court should recognize their claim for loss of filial consortium because numerous Connecticut trial courts have recognized such a cause of action and no appellate court has explicitly decided whether there is an action for loss of filial consortium. In addition. the plaintiffs argue that the rationale and policies behind recognizing spousal loss of consortium claims apply with equal force to filial loss of consortium claims.
The Supreme Court has recognized a claim for loss of spousal consortium since 1979. See Hopson v. St. Mary'sHospital, supra, 176 Conn. 485. The Appellate Court in Mahoney alluded to Hopson by stating that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship."Mahoney v. Lensink, supra, 17 Conn. App. 130, 141. "No appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Id. at 141 n. 7. Although there are Superior Court decisions recognizing a cause of action for loss of filial consortium, no appellate authority exists to support such a claim.[1] Accordingly, the defendant's motion to strike the third count of the plaintiffs' amended complaint is granted. CT Page 8985
John W. Moran Judge of the Superior Court