[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiffs, a two year old minor child and her parents, have commenced this action in four counts for monetary damages arising from injuries allegedly sustained by the minor child, Aimee, while playing at the indoor playground owned and operated by the defendant corporation.
In the third and fourth counts of their amended complaint, the plaintiff-father and the plaintiff-mother, respectively, allege loss of filial consortium.
The defendant has moved this court to strike the third and fourth counts of the amended complaint for the reason that no such cause of action presently exists in this state and that, consequently, each of those two counts is legally insufficient in that each fails to state a claim upon which relief can be granted.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Waters vs. Autuori,236 Conn. 820, 825 (1996).
In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff." Waters, supra. 825.
A motion to strike may be used to challenge a cause of action that has not been recognized under Connecticut law. Amodio vs.Cunningham, 182 Conn. 80 (1980).
There is no Connecticut Supreme Court decision recognizing loss of filial consortium as a proper cause of action.
The plaintiffs and the defendant have each cited Connecticut Superior Court decisions which support their respective CT Page 125 arguments. This court has given consideration to those arguments.
In Mahoney vs. Lensink, 17 Conn. App. 130, 141 (1990), the Appellate Court ruled that "the right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. "
"The great weight and authority does not support allowing a cause of action for filial consortium on the current state of the law. The force of present law at this time in our history limits the tort of loss of consortium to the spousal relationship. " Flores vs. Danbury Hospital (Danbury Superior Court, Docket No. 320203, February 3, 1996, Moraghan, J.).
Having considered the nature of the plaintiffs' claim and having considered the decisions allowing and denying such a cause of action, this court aligns with the majority and finds that as there is no such cause of action under present law, the motion to strike counts three and four should be and is hereby granted.
By the Court,
Joseph W. Doherty Judge