[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
CT Page 10917
The issue before the court is whether Connecticut recognizes a cause of action for loss of filial consortium.
On April 25, 2001, the plaintiffs, Ryan Fischer PPA Kelly Fairgrieve and Kelly Fairgrieve, filed a three-count revised complaint against the defendants, Cheryl and Robert Dunn. The plaintiffs allege that on August 1, 1998, while the defendants were taking care of Ryan a piece of rock struck Ryan's eye when he and the defendants' children were playing. The plaintiffs allege that the defendants negligently cared for Ryan while he was under their supervision, and that as a result of such negligence, Ryan's eye was greatly injured and the eye was ultimately removed and replaced by a prosthesis. The plaintiffs also allege in count three that as a result of the defendants' negligence, Fairgrieve suffered a loss of love, care, affection, and society of her son, Ryan. The defendants have filed a motion to strike count three on the ground that Connecticut does not recognize a cause of action for loss of filial consortium.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technoloqies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). "A motion to strike admits all facts well pleaded. . . ." (Emphasis in original; internal quotation marks omitted.) Id., 588.
The defendants argue that the third count should be stricken because the majority of Superior Court cases hold that there is no viable claim for loss of filial consortium. In response, the plaintiffs argues that a number of Superior Court decisions have allowed loss of filial consortium claims and that the appellate courts have not ruled on the viability of loss of filial consortium claims.
The Supreme Court "first recognized a . . . claim for loss of spousal consortium in Hopson v. St. Mary's Hospital, 176 Conn. 485, 408 A.2d 260
(1979). Therein, [the court] defined consortium as encompassing the services of the [injured spouse], the financial support of the [injured spouse], and the variety of intangible relations which exist between CT Page 10918 spouses living together in marriage. . . . These intangible elements are generally described in terms of affection, society, companionship and sexual relations. . . . These intangibles have also been defined as the constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage." (Citations omitted; internal quotation marks omitted.) Jacoby v. Brinckerhoff, 250 Conn. 86, 90-91, 735 A.2d 347
(1999). "[A]n action for loss of consortium, although independent in form, is derivative of the injured spouse's cause of action." Id., 91-92.
With respect to loss of filial consortium, "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies."Mahoney v. Lensink, 17 Conn. App. 130, 141 n. 7, 550 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990). As a result, there is a split of authority in the Superior Court as to whether such a cause of action exists, with the majority of cases stating that Connecticut does not recognize a cause of action for loss of filial consortium.
Cases that have upheld loss of filial consortium claims include:Pacelli v. Dorr, Superior Court, judicial district of New Haven at New Haven, Docket No. 382547 (July 30, 1998, Hartmere, J.); LeBlanc v. VitamYouth Treatment Center, Superior Court, judicial district of Stamford, Docket No. 148611 (May 9, 1997, Nadeau, J.) (19 Conn.L.Rptr. 485);Condon v. Guardiani, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052203 (April 16, 1996, Skolnick, J.) (16 Conn.L.Rptr. 466); Davis v. Davis, Superior Court, judicial district of Middlesex at Middletown, Docket No. 77180 (March 15, 1996,Stanley, J.); DeValle v. Goggins, Superior Court, judicial district of Waterbury, Docket No. 128043 (October 11, 1996,Peck, J.) (18 Conn.L.Rptr. 32); Scalise v. BristolHospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525217 (July 6, 1995, Corradino, J.) (14 Conn.L.Rptr. 534).
Cases that rejected loss of filial consortium claims include: Ward v.Greene, Superior Court, judicial district of New London at Norwich, Docket No. 120118 (March 22, 2001, Koletsky, J.); Mercede v. Kessler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 172682 (February 13, 2001, Karazin, J.) (29 Conn.L.Rptr. 246);Mirjavadi v. Vakilzadeh, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 166632 (Nov. 13, 2000, Lewis,J.T.R.) (28 Conn.L.Rptr. 524); Blanchette v. Desper, Superior Court, judicial district of Waterbury, Docket No. 144050 (October 19, 1998,Shortall, J.) (23 Conn.L.Rptr. 321); St. Armand v. Kromish, Superior CT Page 10919 Court, judicial district of Ansonia-Milford at Milford, Docket No. 051663 (November 6, 1997, Flynn, J.) (20 Conn.L.Rptr. 556); Sousa v. Soares, Superior Court, judicial district of Waterbury, Docket No. 137033 (August 18, 1997, Pellegrino, J.) (20 Conn.L.Rptr. 318); Ligi v. Poveromo, Superior Court, judicial district of Danbury, Docket No. 324465 (July 1, 1997, Stodolink, J.) (19 Conn.L.Rptr. 667); DiBonaventura v. Ayoub, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 138051 (January 6, 1997, D'Andrea, J.); Flores v. Danbury Hospital, Superior Court, judicial district of Danbury, Docket No. 320203 (February 9, 1996, Moraghan, J.) (extensive listing of fifty-seven reported cases, forty-five of which disallowed the claim and twelve of which permitted it).
In 1998, however, the Supreme Court declined "to recognize a cause of action for loss of parental consortium by a minor child." Mendillo v.Board of Education, 246 Conn. 456, 496, 717 A.2d 1177 (1998). In its decision, the court noted that "the overwhelming weight of authority in the nation is against recognition of a cause of action for loss of parental consortium." Id. 490. In addition, the court carefully reviewed and balanced policy considerations and found that "the balance of policy considerations fails to establish the additional justification necessary to support recognition of a legal duty on the part of a tortfeasor to compensate the children of the person whom the tortfeasor has harmed directly for their loss of consortium with their parent." Id, 484-85.
Plaintiffs have failed to identify any policy reasons why the analysis should be difficult when the parent is suing for loss of consortium regarding their child. Based upon the reasoning in the Mendillo
decision, the court finds that Connecticut does not recognize a claim by a parent for loss of filial consortium. See also Mirjavadi v.Vakilzadeh, supra, 28 Conn.L.Rptr. 524 (holding that as a result ofMendillo "it seems unlikely that a parent could have a loss of filial consortium while a child does not have a cause of action for loss of parental consortium")
The motion to strike count three is granted.
CHASE T. ROGERS, J.