[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
On November 8, 1995, the plaintiffs, Desiree, Jamil and Elie Jamil Saliba, filed a fourteen count complaint against the defendants, Christopher A. and Aavo Anto. The plaintiffs allege negligence, bystander emotional distress, loss of parental consortium, loss of filial consortium, loss of spousal consortium, recklessness, recklessness resulting in bystander emotional distress, and recklessness resulting in loss of parental, filial and spousal consortium. The plaintiffs allege in their complaint that Christopher A. Anto, while operating a vehicle owned by Aavo Anto, struck the pedestrian plaintiff Desiree Saliba while she was carrying her three year old son Elie causing injuries to Desiree and Elie.
On December 1, 1995, the defendants filed a motion to CT Page 1744 strike the plaintiffs' claims for bystander emotional distress in counts three, four, ten and eleven; the claims for loss of consortium in counts five, six, twelve and thirteen; the claim for relief seeking attorney's fees; the claim for relief seeking double or treble damages pursuant to General Statutes § 14-295
in counts ten through fourteen, and the claim for relief seeking punitive damages. The plaintiffs filed a memorandum in opposition to the defendants' motion to strike dated February 1, 1996. At the short calendar hearing the motion to strike the claim for attorney's fees and punitive damages was granted by the court without opposition.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v.Brown, Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786,796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215.
The defendants first maintain that a cause of action for bystander emotional distress is not recognized under Connecticut law. The plaintiffs dispute this assertion.
This court has earlier considered this issue in Diaz v.Camacho, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304103 (August 24, 1994, Ballen, J.) in which the court, after analyzing the supreme court decisions inStrazza v. McKittrick, 146 Conn. 714, 156 A.2d 149 (1959),Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980) andMaloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), stated that "Maloney and Amodio do not address the question of whether CT Page 1745 a legally sufficient claim for bystander emotional distress exists when a plaintiff contemporaneously observes his or her family member sustain sudden and immediate injuries due to a defendant's negligent operation of a motor vehicle, nor do these cases hold that the rule of Strazza v. McKittrick must be applied in such a situation." Therefore, the court determined that "in the absence of either a Supreme Court or Appellate Court ruling to the contrary" the court may apply the rule as delineated in Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912,69 Cal.Rptr. 72 (1968) and as modified by Thing v. LaChusa,48 Cal.3d 644, 771 P.2d 814, 257 Cal.Rptr. 865 (1989). Diaz v.Camacho, supra. The rule presented by Thing is that "[a] plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness . . . ." Id.
This court has previously noted the split of authority in the superior courts regarding bystander emotional distress; Id., n. 2; however, the majority of the courts recognize the existence of such an action.[1] The courts which have not recognized such a cause of action have done so because neither the legislature, statutorily, nor the appellate courts by means of the development of common law have explicitly recognized an action of bystander emotional distress. Nevertheless, the courts which have recognized bystander emotional distress as a cause of action have done so because the appellate courts have not expressly prohibited such an action, while having the opportunity to do so, except in regard to medical malpractice actions. Furthermore, the court in Courchesne v. Dickau BusCo., Superior Court, judicial district of Hartford/New Britain at Hartford. Docket No. 527989 (May 5, 1994, Corradino, J.) presents a detailed and well reasoned discussion regarding the policy effects of allowing a claim of bystander emotional distress. Accordingly, the court follows its earlier decision in Diaz v. Camacho, supra, and therefore, the defendants' motion to strike counts three, four, ten and eleven is denied.
The defendants also move to strike counts five, twelve, six and thirteen on the grounds that actions for loss of filial and parental consortium are not cognizable in Connecticut. The CT Page 1746 plaintiffs contend that claims for filial and parental loss of consortium are viable actions.
A cause of action for loss of spousal consortium was recognized by the supreme court in Hopson v. St. Mary'sHospital, 176 Conn. 485, 408 A.2d 260 (1979). The appellate court, albeit in dicta, stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. "Mahoney v. Lensink, 17 Conn. App. 130, 141, 550 A.2d 1088, rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990). Nevertheless, the court also expressed that no appellate court case had squarely addressed this issue. Id., 141 n. 7. This has led to a split of authority in the superior courts. Some superior courts allow a child to recover for the loss of consortium with a parent. See e.g. Ammerman v. Johnson, Superior Court, judicial district of Waterbury, Docket No. 121129 (October 24, 1995, Vertefeuille, J.); Steeves v.Alexander Trucking Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 543277 (July 6, 1995, Corradino, J.); McAuliffe v. Bridgeport RadiologyAssociates, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320743 (April 28, 1995, Maiocco, J.);Vizzo v. Keleman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309650 (January 16, 1995, Maiocco, J.).[2] While the majority of courts have declined to allow recovery for loss of a parent's consortium. See e.g. Klein v.City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 129999 (November 3, 1994, Mottolese, J.); Waitkus v. Thompson, Superior Court, judicial district of Waterbury, Docket No. 119007 (September 19, 1994, McDonald, J.); La Prad v. Parizek, Superior Court, judicial district of Tolland at Rockville, Docket No. 055310 (September 13, 1994, Klaczak, J.); Daley v. Aetna Life Casualty, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533693 (August 3, 1994, Sheldon, J.); DiFiore v. Stop Shop, Superior Court, judicial district of Waterbury, Docket No. 117784 (March 24, 1994, McDonald, J.);Rodriguez v. Bristol Housing Authority, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 454786 (March 16, 1994, Berger, J.).[3]
Furthermore, regarding a parent's recovery for the loss of a child's consortium even fewer courts have recognized such a claim; Scalise v. Bristol Hospital, Superior Court, judicial CT Page 1747 district of Hartford/New Britain at Hartford, Docket No. 525217 (July 6, 1995, Corradino, J.); Condron v. Pollak, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128731 (November 18, 1993, Dean, J.); Sliney v. Denisanko, Superior Court, judicial district of New Haven at New Haven, Docket No. 334928 (August 6, 1993, Gordon, J.); while the majority of courts have refused such a claim. See Broadmax v.Ali, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321979 (September 21, 1995, Thim, J.);Casner v. Fine, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 462895 (May 22, 1995, Handy, J.); Mills v. Lake Quassapaug Amusement Park, Superior Court, judicial district of Waterbury, Docket No. 123482 (May 17, 1995, Pellegrino, J.); Kohutka v. Mazzucco, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142751 (April 18, 1995, Lewis, J.);Urbanski v. Carabetta Enterprises, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 463861 (August 14, 1995, Stengel, J.); Tyrell v. Cassell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304981 (February 27, 1995, Thim, J.); Ayala v.Kochanowsky, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544317 (January 30, 1995, Allen, S.J.R.).[4] Moreover, one court has recognized a child's claim for loss of parental consortium but did not recognize a claim by a parent for loss of a child's consortium. Paradiso v. Nasinka, Superior Court, judicial district of New Haven at New Haven, Docket No. 320396 (January 31, 1994, Gray, J.).
The court in Scalise v. Bristol Hospital, supra, stated that "[m]ost though not all of the Connecticut cases cited involve claims of loss of parental consortium as opposed to a loss of filial consortium. These claims raise different issues but courts that reject either theory seem to rely on their conclusion that our appellate courts have not recognized these causes of action." The Scalise court followed Sliney v.Denisanko, supra, which noted the interest of a parent in his child as a constitutional right and determined that "[i]t is difficult to rationalize why rights protected by the legal contract of marriage should give rise to a consortium claim while rights (parental) that are constitutional should not." Similarly, the same court in Steeves v. Alexander Trucking Co., supra, considering a claim of loss of parental consortium, state that "[i]n recognizing a spousal consortium cause of action theHopson court noted injury to one's spouse may deprive a married CT Page 1748 person of an opportunity to have children and raise a family. Well here we have that family and an injury to a parent has taken away from the child the chance to have the nurture, love, and protection a family provides. Should the injured spouse in the family unit be permitted an action against the tortfeasor under Hopson but not the child? Such a result would seem to defy logic."
Nevertheless, the majority of courts have declined to recognize a cause of action for loss of filial or parental consortium in light of the strong language expressed in Mahoneyv. Lensink, supra, 17 Conn. App. 141. Therefore, the defendants' motion to strike counts five, six, twelve and thirteen is granted.
The defendants have also argued that a claim of loss of consortium is insufficient to support a claim for relief under General Statutes § 14-295. The plaintiffs maintain that § 14-295
provides double and treble damages for damages resulting from personal injuries and the supreme court has determined that loss of consortium is a personal injury.
Section 14-295 provides in relevant part that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages . . . ." (Emphasis added.) The courts in McGuire v. Ferguson, Superior Court, judicial district of Litchfield, Docket No. 068021 (July 31, 1995, Pickett, J.);Sansabrino v. Massa, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 528038 (April 20, 1994, Allen, S.T.R.); Lombardo v. Norman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 127305 (December 27, 1993, Nigro, J.); Lane v. Post, Superior Court, judicial district of New London at Norwich, Docket No. 099938 (August 14, 1992, Walsh, J.) determined that the legislature specifically provided for a derivative wrongful death claim in § 14-295, but failed to do so for loss of consortium, therefore, no such relief was available in a loss of consortium claim. The courts in Ammerman v. Johnson, Superior Court, judicial district of Waterbury, Docket No. 121129 (October 24, 1995, Vertefeuille, J.) and Shabazz v. Price, Superior Court, judicial district of New Haven at New Haven, Docket No. 353763 (April 22, 1994, Hodgson, J.) determined, however, that the supreme court in Izzo v. Colonial PennInsurance Co., 203 Conn. 305, 524 A.2d 641 (1987) held that loss CT Page 1749 of consortium constituted a personal injury, and therefore, fell within the strictures of § 14-295. The rulings in Ammerman andShabazz, in relying on the Supreme Court's decision in Izzo, are more persuasive. Accordingly, the defendants' motion to strike the plaintiffs' claim for relief under § 14-295 is denied.
BALLEN, J.