[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is a wrongful death action brought by Josephine Grant, Administratrix of the Estate of Arthur Grant, Jr. for the wrongful death of said Arthur Grant. The plaintiff Christine Grant asserts a claim for loss of consortium by virtue of the injuries to and the death of her father Arthur Grant, Jr. The action is brought against eleven defendants. Three of the defendants, Associates in Internal Medicine, Joseph Brenes and Camille Raad move to strike count twelve of the complaint on the grounds that Connecticut law does not recognize claims for a child's loss of consortium regarding a parent.
The complaint alleges both wrongful death and ante mortem pain and suffering in each of the eleven counts brought by the, administratrix. Count twelve, incorporating all of the eleven prior counts, asserts a claim by the plaintiff Christine Grant that she "has been deprived of the services, companionship and society of said father, all to her damages". The complaint alleges negligence of the defendants "on or about November 15, 1993" and "his death on or about November 26, 1993". Hence the twelfth count alleges both a claim for loss of consortium for wrongful death and a claim for ante mortem loss of consortium ostensibly for the eleven day ante mortem period.
This court takes note of the fact that the Superior Court had addressed the question of loss of filial (parent-child) consortium on numerous occasions, the majority of the decisions determining that there is no such cause of action, and a minority of the decisions determining that such a cause of action does exist. Citation of these decisions is herein unnecessary, as the parties have made reference to the decision in their respective briefs.
This count of the complaint, count twelve, alleges, by incorporation of the prior counts both a claim for post mortem and a claim for ante mortem loss of filial consortium. CT Page 4565
 . . . and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail.
Alarm Application Co. v. Linsburg Volunteer Fire Co., 179 Conn. 541,545 (1980).
Hence the fundamental question is whether there exists a cause of action for loss of filial (parent-child) consortium.
In 1979 the Connecticut Supreme Court first recognized a cause of action for loss of spousal consortium.
 The right of a husband to bring an action for loss of consortium has long been acknowledged in a substantial majority of the jurisdictions. The right of the wife . . . has now been recognized in many jurisdictions.
Hopson v. St. Mary's Hospital, 176 Conn. 485, 495 (1979).
In 1991 the Supreme court revisited the question of whether a cause of action for loss of consortium may be asserted by persons who are not married to each other at the time of the sustained injury. The Supreme Court, in no less than five specifically italicized phrases, on page 562 and 563, emphasized that the cause of action for loss of consortium arises out of the relationship of the civil contract of marriage between husband and wife.
 . . . an action for loss of consortium cannot be maintained unless the plaintiff was married to the injured person at the time of the actionable conduct.
Gurliacci v. Mazer, 218 Conn. 531, 564 (1991).
Attractive as it may be to create a new cause of action for and on behalf of all persons who sustain economic or personal loss by virtue of their relationship with the injured party, and to compensate for loss of some of the aspects which are similar to, or closely related to, some aspects of the comprehensive nature of the legal right to consortium between married persons, yet it is not the function of the trial court to create causes of action. These matters must be left to the legislature, or by the CT Page 4566 Supreme Court's modification of the cause of action initially recognized by that court. The court determines that there is no cause of action for filial (parent-child) loss of consortium.
It follows that if there is no cause of action at all for filial ante mortem loss of consortium by the child, there is no cause of action for such a claim of such loss of consortium on a post mortem basis.
Furthermore in 1987 the Supreme Court determined that absent specific statutory authority, even the spouse has no claim for post mortem loss of consortium.
 Our response to the second question posed, may a spouse recover for post mortem loss of consortium under Connecticut statutory or common law, is `No'.
Ladd v. Douglas Trucking Co., 203 Conn. 187, 197 (1987).
Because damages for wrongful death is a creature of statute, so must be any cause of vacation in favor or anyone for damages for loss of consortium, or any of its aspects, arising out of wrongful death.
Subsequent to the decision of the Supreme Court in Ladd v.Douglas Trucking Company, supra, the legislature in 1989 enacted Public Act 89-148, i.e., General Statutes §§ 52-555a through52-555d sanctioning and setting parameters for a cause of action for post mortem spousal loss of consortium. No legislation has been enacted as concerns ante mortem or post mortem loss of consortium, or any of its aspects, as pertains to anyone other than the spouse of the decedent.
There is no cause of action either by statute or at common law for loss of parental consortium. The motion of these defendants to strike count twelve of the complaint is granted.