[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 120
This matter arises from the care and treatment rendered by the defendant Danbury Hospital during the labor and delivery of the infant plaintiff Ryan Moreira. On October 4, 1996, the plaintiffs, Brenda Moreira and Ryan Moreira, filed a revised complaint alleging that the defendant, acting in concert with other named defendants,[1] failed to adequately and properly care for, treat, monitor and supervise Brenda Moreira, the mother, and Ryan Moreira, the infant child, before, during and after the birth of Ryan Moreira.
At issue is count twelve of the revised complaint, brought on behalf of Brenda Moreira, individually, against the defendant, which alleges that Brenda Moreira "has been deprived of the CT Page 5839 services, companionship and society of [her] son, all to her damage."
The defendant filed a motion to strike count twelve of the revised complaint on December 4, 1996. The plaintiff filed a reply memorandum on December 23, 1996.
"The function of a motion to strike is to test the legal sufficiency of a pleading . . . ." (Citation omitted.) Napoletanov. Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232,680 A.2d 127 (1996). In addition, a motion to strike "may be used to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotations marks omitted.) Burns v. Hanson, Superior Court, judicial district of Middletown, Docket No. 072342 (March 8, 1995, Stanley, J.) (13 Conn. L. Rptr. 593).
The defendant relies upon the many cases decided by the Superior Courts of Connecticut which have found that there is no cause of action for loss of filial consortium. Reference is made to the decision of the court, Moraghan, J., in Flores v. DanburyHospital, Superior Court, judicial district of Danbury, Docket No. 320203 (February 9, 1996), which contains a lengthy footnote chronicling the various Superior Court decisions concerning filial consortium up to its release.
The plaintiffs argue that the loss of filial consortium is a logical extension of the loss of spousal consortium, which is recognized by Connecticut courts. The plaintiffs claim that just as spousal consortium recognizes the unity of spouses, recognition of the loss of filial consortium acknowledges the value of the family unit. Finally, the plaintiffs argue that it is inconsistent to award damages to one whose spouse can no longer provide the elements of consortium to his or her uninjured spouse, but deny recovery to the parent of a child who has been injured and can no longer provide those same elements to his or her parents.
Each party presents arguments which have been adopted in part by judges of the Superior Courts. Subsequent to the decision rendered in Flores, some thirteen trial courts have refused to recognize filial consortium as a cause of action, while six others have recognized such an action.[2]
The reasoning set forth in those cases refusing to recognize CT Page 5840 a cause of action for filial consortium is more persuasive. "The Supreme Court has recognized a spouse's claim for loss of consortium since Hopson v. St. Mary's Hospital, 176 Conn. 485, [408 A.2d 260 (1979)]" Medina v. Olmstead, Superior Court, judicial district of Waterbury, Docket No. 128746 (May 10, 1996, McDonald, J.). However, this claim "is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. " Mahoney v. Lensink,17 Conn. App. 130, 141, 550 A.2d 1088 (1988). "No appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Id., n. 7. To this date, no appellate authority exists to support a claim for filial consortium in the State of Connecticut.[3]
"Attractive as it may be to create a new cause of action for and on behalf of all persons who sustain economic or personal loss by virtue of their relationship with the injured party, and to compensate for loss of some of the aspects which are similar to, or closely related to, some aspects of the comprehensive nature of the legal right to consortium between married persons, yet it is not the function of the trial court to create causes of action. These matters must be left to the legislature, or by the Supreme Court's modification of the cause of action initially recognized by that court." Grant v. Waterbury Hospital, Superior Court, judicial district of Waterbury, Docket No. 127010 (June 6, 1996, Sullivan, J.) (17 Conn. L. Rptr. 228, 229).
For the above reasons, the defendant's motion to strike count twelve of the revised complaint is granted.
Stodolink, J.