[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 7, 1996, the plaintiffs, Emmanuel Bouchotte, his wife, Joane Bouchotte, and their two daughters, Joane and Ashley Bouchotte, filed a four-count complaint against the defendants, Mercedes Benz Credit Corporation (Mercedes), Dawn Knowles, William B. Cargill, and Virginia Cargill, seeking damages for injuries allegedly sustained as a result of a one car collision. CT Page 1037 The plaintiffs allege that on January 30, 1994, Emmanuel Bouchotte was a passenger in an automobile owned by Mercedes, leased by William or Virginia Cargill and operated Dawn Knowles when "[t]he defendants' automobile came into a violent collision with a tree, telephone pole or other object." Complaint, Count One, ¶ 4. As a result of the collision, the plaintiffs claim that Emmanuel Bouchotte suffered painful and debilitating injuries.
The plaintiffs' complaint consist of four counts. In the first count, the plaintiffs allege that the collision was caused by the negligence of the defendant driver, Dawn Knowles. In the second count, the plaintiffs seek double or treble damages pursuant to General Statutes § 14-295. In the third count, the plaintiffs allege that as a result of the defendant's negligence as alleged in count one, Joane Bouchotte, as the wife of Emmanuel Bouchotte, and Joane and Ashley Bouchotte, as the daughters of Emmanuel Bouchotte, "have suffered from the loss of the services, support, income and companionship of . . . Emmanuel Bouchotte." Complaint, Count Three, ¶ 9. In the fourth count, the plaintiffs allege that as a result of the defendant's deliberate or reckless conduct as alleged in count two, Joane Bouchotte and Joane and Ashley Bouchotte have suffered from the loss of the services, support, income and companionship of Emmanuel Bouchotte. Complaint, Count Four, ¶ 11. The plaintiffs now seek compensatory damages, punitive damages, costs and such other relief as the court finds appropriate.
On February 29, 1996, the defendants filed a motion to strike counts three and four of the plaintiff's complaint to the extent that they allege a claim for loss of parental consortium on the ground that no such cause of action is recognized in the state of Connecticut. In support of this motion, the defendants filed a memorandum of law. The plaintiff filed an objection and an opposing memorandum of law on April 2, 1996. The defendants filed two reply memoranda on April 18, 1996 and May 17, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks CT Page 1038 omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996). "The motion to strike may be used to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotation marks omitted.) Sabol v. Hallock,
Superior Court, judicial district of Waterbury at Waterbury, Docket No. 127090 (January 17, 1996, Pellegrino, J.).
There are no Connecticut appellate cases that directly address the issue of whether a claim for loss of parental consortium is a valid cause of action. The majority of Superior Court cases that have addressed this issue have declined to recognize a cause of action for loss of consortium arising out of the parent-child relationship in light of the strong language expressed in Mahoney v. Lensink, 17 Conn. App. 130, 141,550 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 548, 569 A.2d 518
(1990), and in the absence of "legislative or appellate authority." Urbanski v. Carabetta Enterprises, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 463861 (August 14, 1995, Stengel, J.). The Appellate Court inMahoney v. Lensink stated in dicta that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. "Mahoney v. Lensink, supra, 17 Conn. 141. The court in Mahoney v.Lensink noted, however, that no appellate court case has squarely addressed this issue. Id., 141 n. 7. Furthermore, a growing number of Superior Court cases have allowed such claims on the ground that "'the reasoning and analysis which led our Supreme Court to recognize a cause of action for loss of marital consortium inHopson should be logically extended to the analogous claim for loss of parental consortium." (Internal quotation marks omitted.)Brown v. Stavrakis, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 130892 (April 25, 1996, Fasano, J., 16 Conn. L. Rptr. 562).
It is the opinion of the court that the better-reasoned view is to recognize a cause of action for loss of parental consortium. "Given the increased recognition of the benefits of parental care and management both to the child and to society, there remains no legitimate basis for the acceptance of loss of marital consortium as a cause of action and the rejection of the loss of parental consortium." Brown v. Stavrakis, supra,16 Conn. L. Rptr. 562. Accordingly, the defendants' motion to strike the plaintiffs' claims for loss of parental consortium is denied.
Furthermore, even if the court were to find that Connecticut CT Page 1039 does not recognize a claim for loss of parental consortium, the defendant's motion to strike is technically inappropriate. Although the plaintiffs' complaint may be confusing because it combines claims for loss of spousal consortium and parental consortium in the same paragraph of a single count, "the proper way to cure any confusion in that regard is to file a [request] to revise, not a motion to strike the entire complaint. Practice Book 147(3). If a request to revise had been granted and complied with, the defendants would then have been in a position to move to strike any count of the plaintiff's revised complaint pertaining to their respective liabilities for which the plaintiff was unable to allege the necessary prerequisites." (Footnote omitted.) Rowe v. Godou, 209 Conn. 273, 279,550 A.2d 1073 (1988). "One of the purposes for a request to revise is to set up the complaint in order to file a motion to strike." Wilderv. Brewer, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0538573 (September 19, 1994, Mulcahy, J., 9 CSCR 1099, 1100).
The plaintiffs have alleged claims for loss of both parental consortium and spousal consortium in counts three and four of their complaint. Even if Connecticut does not recognize a cause of action for loss of parental consortium, the Supreme Court has specifically recognized a cause of action for loss of spousal consortium. Hopson v. St. Mary's Hospital, 176 Conn. 485, 496,408 A.2d 260 (1979). "If any part of a count states a legally sufficient cause of action, then that count is not subject to a motion to strike." Finelli v. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327206 (March 22, 1996, Ballen, J.) (denying defendant's motion to strike third count even though the plaintiff's claim for loss of filial consortium was legally insufficient because third count also contained a legally sufficient claim for medical expenditures). Because counts three and four both contain legally sufficient claims for loss of spousal consortium within the same paragraph as the plaintiffs' parental consortium claims, neither count is subject to a motion to strike. "Where as here two causes of action are combined in the same count, both will survive even though one might not otherwise state a cause of action if it had been pleaded in a separate count. The proper way to cure combining separate causes of action in one count is by a request to revise rather than a motion to strike the entire complaint."Associated Construction Co. v. Milford, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 025082 (January 24, 1991, Fuller, J., 3 Conn. L. Rprt. 710), citing RoweCT Page 1040v. Godou, supra, 209 Conn. 279.
Based upon the foregoing, the defendants' motion to strike the plaintiffs' claims for loss of parental consortium in the third and fourth counts of the plaintiffs' complaint is denied.
RYAN, J.