[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding was drawn in six (6) counts sounding in malpractice against Peter D. Licht (hereafter "Licht"). The gravamen of the complaint[1] is that Licht failed to diagnose and treat a cancerous lesion in the left lung of Robert J. Glander. The defendant has filed a motion to strike the second count as well as paragraphs twenty through twenty-five and twenty-eight of the third count, and the fourth, fifth, and sixth counts on the grounds that the plaintiffs have failed to assert CT Page 2728 legally sufficient claims upon which relief can be granted.
The function of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384; Practice Book § 152. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). When reviewing a motion to strike, the "trial court must take the facts to be those alleged in the [attacked pleading] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted.) Liljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348 (1990). When ruling on a motion to strike, the court must construe the facts most favorably to the nonmoving party and "[i]f facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. FuscoCorp., supra. A motion to strike may be used to challenge a cause of action that has not been recognized under Connecticut law. See, e.g., Amodio v. Cunningham, 182 Conn. 80 (1980).
The second count alleges that Licht breached a contract by negligently diagnosing and treating Robert J. Glander. The defendant argues that the second count insufficiently alleges a claim for breach of contract in the medical malpractice context because it fails to allege that he guaranteed or warranted a specific result. The plaintiffs respond that they have sufficiently alleged specific representations to Robert J. Glander regarding the medical care the defendant promised to provide.
There are two lines of Superior Court cases regarding the relationship between medical malpractice and breach of contract. One holds that for a breach of contract claim "[t]o be separate from a malpractice claim, the plaintiff must allege that the defendant doctor assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good . . . ." Arnold v.Weinstein, Schwartz Pinkus, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 53 33 12 (February 13, 1996, Aurigemma, J.). The other does not require an allegation of a specific result: "[A] [breach of contract] claim arising out of medical services provided by a physician will withstand a test to its legal sufficiency where the plaintiff's breach of contract count is redundant of its malpractice CT Page 2729 count . . . . [C]ounts which sound in contract are entirely separate from malpractice, even though they both, as here, may arise out of the same transaction . . . ." Johnson v. KaiserFoundation Health Plan, Superior Court, judicial district of New Haven at New Haven, Docket No. 03 12 41 (May 18, 1994, Gray, J.). Despite this split of authority, this court has previously indicated its agreement with the former line of cases by holding that in order for a physician to be held liable for a breach of contract with a patient, the physician must have made specific promises about the treatment or result. Donnelly v. CandlewoodObstetric-Gynecological Associates. P.C., Superior Court, judicial district of Danbury, Docket No. 30 20 96 (June 8, 1992, Moraghan, J.).
Paragraph fourteen of the second count alleges that the defendant represented that he would "properly assess plaintiff Robert J. Glander's physical condition and health, including the condition of the plaintiff's chest and lungs . . . advise the plaintiff Robert J. Glander of the results of such examinations and of the need for any further testing or treatment . . . [and] undertake or recommend any necessary further testing and treatment required by the plaintiff Robert J. Glander's condition." These representations are general and do not amount to promises of specific treatment or result as are required to state a cause of action for breach of contract against a physician. The second count is legally insufficient and the motion to strike is granted as to that count.
Count three sets forth a claim of loss of spousal consortium. Paragraphs twenty through twenty-five of the third count incorporate paragraphs fourteen through nineteen of the second count, which are central to the breach of contract claim putatively alleged in the second count. The defendant argues that these paragraphs fail to adequately allege breach of contract claim in the medical malpractice context because paragraphs twenty through twenty-five of the third count do not contain allegations that Licht warranted a specific treatment or result.
"An individual paragraph of a complaint may be the proper subject of a motion to strike if it embodies an entire cause of action." Apicella v. First Church of Christ Congregational,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 53 05 46 (February 6, 1996, Hale, J.). "[A] motion to strike a single paragraph is improper when the paragraph does not purport to state a separate cause of action." CT Page 2730Blair v. Titan Sports, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 13 84 41 January 24, 1996, Tobin, J.). It appears that paragraphs twenty through twenty-five of the third count separately allege a claim for breach of contract in the medical malpractice context. However, because those paragraphs are identical to paragraphs fourteen through nineteen of the second count, they simply do not allege that the defendant made specific promises about treatment or result. Donnelly v. Candlewood Obstetric-GynecologicalAssociates, P.C., supra. The motion to strike is, accordingly, granted as to the said paragraphs twenty through twenty-five of the third count.
Paragraph twenty-eight of the third count alleges, in its entirety, that "[a]s a further result of defendant Licht's conduct, plaintiff Jane W. Glander has suffered and will continue to suffer severe emotional distress, anguish and anxiety from knowing her husband Robert J. Glander's condition, his probable future course and of his physical and emotional pain and suffering." Licht argues that this paragraph should be stricken because it insufficiently alleges a claim for bystander emotional distress. The plaintiffs respond that paragraph twenty-eight merely alleges injuries that Jane W. Glander has suffered as an integral part of her loss of consortium claim, and does not contain a separate claim for bystander emotional distress.
To reiterate, an individual paragraph of a complaint may be the proper subject of a motion to strike where it alleges a separate cause of action, Apicella v. First Church of ChristCongregational, supra, where the individual paragraph does not contain a separate cause of action a motion to strike that paragraph is improper. Blair v. Titan Sports, Inc., supra.
In Clohessy v. Bachelor, 237 Conn. 31, 46 (1996), the court did indeed recognize a claim for bystander emotional distress. The court held that a bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: (1) he or she is closely related to the injury victim, such as the parent or sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition and location; (3) the injury of the victim must be substantial, resulting in death or serious physical CT Page 2731 injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response.
In the present case, Jane W. Glander has not attempted to allege a contemporaneous sensory perception of the defendant's alleged negligence. Paragraph twenty-eight does not contain a separate claim for bystander emotional distress as the defendant argues. That paragraph merely alleges the mental and emotional anguish suffered by Jane W. Glander as an integral part of her claim of loss of consortium. See Hopson v. St. Mary's Hospital,176 Conn. 485, 493 (1979). The motion to strike paragraph twenty-eight cannot prevail over its content because it attacks the sufficiency of a single paragraph which does not contain a separate cause of action. Paragraph twenty-eight of the third count is denied.[2]
In the fourth, fifth, and sixth counts, Jason Glander, Matthew Glander and Christine Glander, respectively, allege claims of loss of parental consortium. Licht has attacked these counts on the ground that parental consortium is not a recognized cause of action under Connecticut law. The plaintiffs respond that policy considerations support the recognition of a claim for loss of parental consortium.
In Hopson v. St. Mary's Hospital, supra, our Supreme Court recognized a claim for loss of consortium in both spouses. The term consortium is usually defined as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage. These intangible elements are generally described in terms of affection, society, companionship and sexual relations. In Mahoney v. Lensink, 17 Conn. App. 130,141, rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990), the Appellate Court stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. "[3] Although the fourth, fifth, and sixth counts allege claims of loss of parental consortium, this court has previously refused to recognize a claim for loss of consortium in the parent-child relationship: "[t]he great weight of authority does not support allowing a cause of action for filial consortium on the current state of the law. This court must yield to the force of present law which at this time in our history limits the tort of loss of consortium to the spousal relationship. [This court] . . . is CT Page 2732 bound by that precedent unless and until modified by appropriate authority." (Internal quotation marks omitted.) Flores v. DanburyHospital, Superior Court, judicial district of Danbury, Docket No. 32 02 03 (February 9, 1996, Moraghan, J.). Accordingly, the motion to strike is granted with respect to the fourth, fifth, and sixth counts.
In summary, the motion to strike is granted as to the second count; as to paragraphs twenty through twenty-five of the third count; and as to the fourth, fifth, and the sixth counts. With respect to paragraph twenty-eight of the third count, the motion to strike is, accordingly, denied.
Moraghan, J.