[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Saba Fabriz, a minor, by her mother and next friend, Leyla Miijavadi, and Leyla Miriavadi individually, brought this action against the defendants, Anthony Vakilzadeh, Maria Varone, Barbara Green, and Green Gross, P.C.. The plaintiffs seek damages for alleged injuries sustained when the minor plaintiffs father removed his daughter from a supervised visit and brought her to his home in Iran.
The plaintiffs allege, in the seventh and eighth counts of their complaint, that pursuant to a court order and an agreement between the plaintiff mother and her ex-husband, visitation between the plaintiff daughter and her father was to be supervised. The plaintiffs allege that the defendant, Maria Varone, was the supervising attorney hired by the plaintiffs to oversee the supervised visitation of the plaintiff daughter and her father. They allege that she was selected "because of her unique skills and experience as [a] . . . family relations attorney who could therefore protect the interests of the plaintiffs, especially the [p]laintiff [d]aughter, and ensure [that] the terms of the visitation agreement would be complied with."
The plaintiffs allege that during a visit between the plaintiff daughter and her father, which was supervised by the defendant Varone, the father removed the plaintiff daughter from CT Page 8465 the visitation site and transported her to Iran. In the seventh count of the complaint, the plaintiffs allege that "[s]aid occurrence was due to the negligence and carelessness of the [d]efendant [s]upervising [a]ttorney."In the eighth count, the plaintiffs allege that the defendant supervising attorney breached her fiduciary duties to the plaintiffs.
The defendant, supervising attorney Varone, moves to strike the seventh count of the plaintiffs complaint, as well as paragraph 11, subsections a.1, a.2, b.1 and b.2 of the seventh and eighth counts. The defendant moves to strike those sections of the plaintiffs' complaint on the ground that they do not state claims upon which relief can be granted.
"The purpose of a motion to strike is to contest., the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. , 231 Conn. 381, 383
n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997).
The defendant moves to strike the seventh count of the plaintiffs' complaint, sounding in negligence, on the ground that this count does not state a claim upon which relief can be granted "because no legal duty of care was alleged." "Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . [T]he determination of whether a duty exists between individuals is a question of law." (Brackets in original; citations omitted; internal quotation marks omitted.)Lodge v. Arett Sales Corp. , 246 Conn. 563, 571, 717 A.2d 215
(1998).
"`A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result CT Page 8466 from his act or failure to act.' Coburn v. Lenox Homes, Inc.,186 Conn. 370, 375, 441 A.2d 620 (1982)." Emerick v. Kuhn,52 Conn. App. 724, 755,__ A.2d __ (1999). "We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.) Lodge v. Arett Sales Corp. , supra.246 Conn. 572.
Viewing the complaint in the light most favorable to the plaintiffs, it is evident that the plaintiffs have alleged all the necessary elements for a cause of action sounding in negligence. Count seven of the plaintiffs' complaint alleges a contract between the plaintiff mother and the defendant supervising attorney and that the moving defendant was "hired by the [p]laintiff[m]other to oversee supervised visitation." Thus, it is alleged that the duty of care arose from a contract. Coburnv. Lenox Homes, Inc., supra, 186 Conn. 375.
Furthermore. the plaintiffs also allege that a duty of care arose "from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes, Inc., supra, 186 Conn. 375. They allege that the moving defendant "was selected to oversee the supervised visitation because of her unique skills and experience as [a] . . . family relations attorney who could therefore protect the interests of the [plaintiffs] . . . [and she] knew or in the exercise of reasonable care should have known, that the [father] was a foreign national who had previously threatened to kidnap the [p]laintiff [d]aughter and remove her to Iran against her will."
The plaintiffs have sufficiently alleged a duty of care on the part of the defendant, supervising attorney, in count seven and a sufficient cause of action sounding in negligence. Therefore, the motion to strike the seventh count of the plaintiffs' complaint is denied.
The defendant, supervising attorney, next moves to strike CT Page 8467 paragraph 11, subsections a.1 and b.1 of counts seven and eight on the ground that the plaintiffs fall to sufficiently allege a cause of action for negligent infliction of emotional distress. She also moves to strike paragraph 11. subsections a.2 and b.2 of counts seven and eight on the ground that Connecticut does not recognize causes of action for loss of filial consortium or loss of parental consortium, respectively.
"[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Internal quotation marks omitted.) Zimmermann v. ConnecticutCollege, Superior Court, judicial district of New London, Docket No. 544623 (July 2. 1998, Handy, J.); accord Bombard v. IndustryRiggers, Superior Court, judicial district of Waterbury, Docket No. 140181 (Jan. 5, 1998, Pellegrino, J.); see also Zamstein v.Marvasti, 240 Conn. 549, 553, 692 A.2d 781 (1997) (trial "court struck paragraph twenty-eight of the plaintiffs complaint because the court construed it as a claim for loss of filial consortium . . .")
This court finds that paragraph 11, subsections a.1, a.2, b. 1, and b.2 attempt to state separate causes of action and, therefore, are subject to the motion to strike. Paragraph 11, subsections a.1 and b.1 purport to allege a cause of action sounding in emotional distress. "In order to prevail on this claim, the plaintiff must prove that the defendant should have realized that the conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Pavliscak v. Bridgeport Hospital,48 Conn. App. 580, 597, 711 A.2d 747, cert. denied, 245 Conn. 911,718 A.2d 17 (1998); see also Montinieri v. Southern New EnglandTelephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978).
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). The plaintiffs' complaint does not allege facts which support the legal conclusion that the defendant, supervising attorney, is liable to either the plaintiff mother or the plaintiff daughter for causing emotional distress. Although the plaintiffs attempt to allege a cause of CT Page 8468 action for emotional distress in paragraph 11, subsections a.1 and b.1 of counts seven and eight, they do so insufficiently. As such, the defendant's motion to strike paragraph 11, subsections a.1 and b.1 of counts seven and eight is hereby granted.
The defendant, supervising attorney, also moves to strike paragraph 11, subsections a.2 and b.2. Again, the plaintiffs attempt to state causes of action in these subsections and thus they are subject to the motion to strike. The plaintiffs attempt to state causes of action for loss of filial consortium and loss of parental consortium, respectively.
In paragraph 11, subsection a.2, the plaintiffs attempt to allege a cause of action for loss of filial consortium. A claim of loss of spousal consortium has been recognized by the Connecticut Supreme Court since 1979. See Hopson v. Saint Mary'sHospital, 176 Conn. 485, 408 A.2d 260 (1979). However, "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v. Lensink,17 Conn. App. 130, 141 n. 7, 55 A.2d 1088 (1988), rev'd on other grounds,213 Conn. 548, 569 A.2d 518 (1990). The Appellate Court in Mahoneyv. Lensink, alluded to Hopson by stating that "[t]he right to consortium is said to arise out of a civil contract of marriage, and as such does not extend to the parent-child relationship. " Id., 141.
Though there is a split of authority in the superior courts, the seeming majority of decisions refuse to recognize a cause of action for filial consortium. Flores v. Danbury Hospital, Superior Court, judicial district of Danbury, Docket No. 320203 (Feb. 9, 1996, Moraghan, J), DiBonaventura v. Ayoub, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 138051 (Jan. 6, 1997, D'Andrea, J.). But see Kaizina v.Minier, Superior Court, judicial district of Waterbury, Docket No. 997355 (Jan. 24, 1992, Santos, J.). Because no right of action based on loss filial consortium has even been recognized in the state by an appellate authority, and this court agrees with the majority of the superior court decisions which do not recognize such a cause of action, the defendant's motion to strike paragraph 11, subsection a.2 of the seventh and eighth counts is hereby granted.
In paragraph 11, subsection b.2 of counts seven and eight the plaintiffs attempt to state a cause of action for loss of CT Page 8469 parental consortium. However, because Connecticut does not recognize a cause of action for loss of parental consortium;Mendillo v. Board of Education, 246 Conn. 456, 495-96,717 A.2d 1177 (1998), the defendant's motion to strike paragraph 11, subsection b.2 of the seventh and eighth counts is hereby granted.
In summary, the defendant's motion to strike the seventh count, sounding in negligence, is denied. The defendant's motion to strike paragraph 11, subsections a.1, a.2, b.1 and b.2 is granted.
D'ANDREA, J. CT Pages 8470 — 8493
[EDITORS' NOTE: The case contained on this page is now located on Pages 7911 — 7937.] CT Pages 8494 — 8500
[EDITORS' NOTE: The case contained on this page is now located on Pages 7937 — 7944.] CT Pages 8501 — 8510
[EDITORS' NOTE: The case contained on this page is now located on Pages 7944 — 7954.] CT Pages 8511 — 8514
[EDITORS' NOTE: The case contained on this page is now located on Pages 7954 — 7957.] CT Pages 8515 — 8526
[EDITORS' NOTE: The case contained on this page is now located on Pages 7957 — 7969.] CT Pages 8527 — 8533
[EDITORS' NOTE: The case contained on this page is now located on Pages 7969 — 7977.] CT Pages 8534 — 8537
[EDITORS' NOTE: The case contained on this page is now located on Pages 7977 — 7981.] CT Pages 8538 — 8544
[EDITORS' NOTE: The case contained on this page is now located on Pages 7981 — 7988.] CT Pages 8545 — 8547
[EDITORS' NOTE: The case contained on this page is now located on Pages 7988 — 7990.] CT Pages 8548 — 8549
[EDITORS' NOTE: The case contained on this page is now located on Pages 7990 — 7993.] CT Pages 8550 — 8554
[EDITORS' NOTE: The case contained on this page is now located on Pages 7993 — 7997.] CT Pages 8555 — 8564
[EDITORS' NOTE: The case contained on this page is now located on Pages 7997 — 8007.] CT Pages 8565 — 8567
[EDITORS' NOTE: The case contained on this page is now located on Pages 8007 — 8010.] CT Pages 8568
[EDITORS' NOTE: The case contained on this page is now located on Pages 8010 — 8012.] CT Pages 8569 — 8575
[EDITORS' NOTE: The case contained on this page is now located on Pages 8012 — 8018.] CT Pages 8576 — 8590
[EDITORS' NOTE: The case contained on this page is now located on Pages 8019 — 8034.] CT Pages 8591 — 8594
[EDITORS' NOTE: The case contained on this page is now located on Pages 8034 — 8037.] CT Pages 8595 — 8598
[EDITORS' NOTE: The case contained on this page is now located on Pages 8037 — 8041.] CT Pages 8599 — 8607
[EDITORS' NOTE: The case contained on this page is now located on Pages 8041 — 8051.] CT Pages 8608 — 8616
[EDITORS' NOTE: The case contained on this page is now located on Pages 8051 — 8060.] CT Pages 8617 — 8627
[EDITORS' NOTE: The case contained on this page is now located on Pages 8060 — 8070.] CT Pages 8628 — 8630
[EDITORS' NOTE: The case contained on this page is now located on Pages 8071 — 8074.] CT Pages 8631 — 8633
[EDITORS' NOTE: The case contained on this page is now located on Pages 8074 — 8077.] CT Pages 8634 — 8635
[EDITORS' NOTE: The case contained on this page is now located on Pages 8077 — 8079.] CT Page 8636