## CLAUDINE DARBY, ADMINISTRATRIX (ESTATE OF JOSEPHINE DARBY) ET AL. *v.* ADINA CHELOUCHE ET AL.

Superior Court, Judicial District of New Haven
File No. CV-03 0476232S

Memorandum filed July 21, 2003

*Silver, Golub & Teitell*, for the plaintiffs.

*Wiggin & Dana*, for the defendants.

SKOLNICK, J. Before the court is the motion by the defendants Adina Chelouche, County Obstetrics & Gynecology Group, P.C., and Yale-New Haven Hospital, Inc., to strike the fifth and sixth counts of the complaint filed by the plaintiffs, Claudine Darby, as executrix of the estate of minor Josephine Darby, and Claudine Darby and Sean Darby, individually and as parents and next friends of their minor daughter, Caitlyn Darby.

The present action alleges medical malpractice in the handling of the final stages of Claudine Darby's twin pregnancy, labor and delivery, which culminated in the live birth of Caitlyn Darby; Josephine Darby was stillborn.

The fifth and sixth counts of the complaint on behalf of Claudine Darby and Sean Darby, parents, individually, are claims of loss of filial consortium due to the death of their minor daughter, Josephine Darby. The present motion to strike concerns the issue of whether claims for loss of filial consortium state a legally cognizable cause of action under Connecticut law. This court believes they should and do.

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted"; (internal quotation marks omitted); *Novametrix Medical Systems, Inc.* v. *BOC Group, Inc.*, 224 Conn. 210, 214–15, 618 A.2d 25 (1992); and "may be used to test whether Connecticut is ready to recognize some newly emerging ground of liability." *Burns* v. *Hanson*, Superior Court, judicial district of Middlesex, Docket No. CV9472342 (March 8, 1995) (*Stanley, J.*) (13 Conn. L. Rptr. 593); see also *Durham Aqueduct Co.* v. *C.R. Burr & Co.*, Superior Court, judicial district of Middlesex, Docket No. 32465 (April 30, 1981) (*Higgins, J.*) (8 Conn. L. Trib., No. 13, p. 11).

Currently, there is a split of authority among Superior Court judges as to whether claims for filial consortium are recognized under Connecticut law. See *Flores* v. *Danbury Hospital*, Superior Court, judicial district of Danbury, Docket No. 320203 (February 9, 1996) (*Moraghan, J.*) (2 Conn. Ops. 283, 284 N.3). (exhaustive footnote citing fifty-seven reported Superior Court cases concerning filial consortium; such claims being disallowed in forty-five and allowed in twelve cases, respec-

tively). No appellate level court in Connecticut has "yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." *Mahoney* v. *Lensink*, 17 Conn. App. 130, 141 n.7, 550 A.2d 1088 (1988), rev'd in part on other grounds, 213 Conn. 548, 569 A.2d 518 (1990).

In the absence of Appellate Court authority on the issue of filial consortium, this court will adhere to the view held in *Condon* v. *Guardiani*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV95 0052203S (March 16, 1996) (*Skolnick, J.*) (16 Conn. L. Rptr. 466). "The court finds that the parent-child relationship should be afforded the same protections as a spousal relationship." Id., 467.

In *Hopson* v. *St. Mary's Hospital*, 176 Conn. 485, 408 A.2d 260 (1979), the court stated that "an injury to one's spouse may turn a happily married man or woman into a lifelong nurse *and deprive him or her of an opportunity of having children and of raising a family*." (Emphasis added.) Id., 493. If our Supreme Court has recognized that the loss of the ability to have a child and raise a family is a major compensable loss in spousal consortium claims, then this court cannot see any rational justification for distinguishing between the right or privilege of having a child and raising a child as a component of spousal consortium, and then denying the parent the right to claim a loss of filial consortium when the parent is deprived of the love and affection and pride in a child's development as a result of the loss of that child through the negligent act of the tortfeasor. *Condon* v. *Guardiani*, supra, 16 Conn. L. Rptr. 467.

Accordingly, the defendants' motion to strike counts five and six of the plaintiffs' complaint is denied.