EAGAN, Judge.
BACKGROUND
On March 1, 2007, the plaintiff was a passenger in a motor vehicle which was struck by another vehicle whose driver, Wendy Jenkins, had been a patron at the Mohegan Sun Casino for several hours prior to the accident. The accident occurred on the Exit 2 ramp of Route 2A.
The gravamen of the Complaint is that the MTGA served alcoholic beverages to Wendy Jenkins, who died as a result of the accident, while she was intoxicated. The accident caused the plaintiff to sustain serious injuries.
The first Count of the two Count Complaint alleges liability under Connecticut’s Dram Shop Statute, Conn. Gen.Stat. § 30-102. The second Count alleges the reckless service of alcohol.
The defendant’s Motion to Strike is addressed only to Count 1.

DISCUSSION

Connecticut’s Dram Shop Statute, Conn. Gen.Stat. § 30-102 provides, in part, “if any person, by such person or such person’s agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication thereafter injures the person or property of another, such seller shall pay just damages to the person injured ...” It was enacted in its present form in 1933, following the repeal of the Prohibition Amendment to the U.S. Constitution. The London & Lancashire Indemnity Co. v. Duryea, 143 Conn. 53, 56, 119 A.2d 325 (1955); Pierce v. Albanese, 144 Conn. 241, 246, 129 A.2d 606 (1957)
The issue is whether the MTGA has waived its sovereign immunity with regard to actions alleging a violation of the Dram Shop Statute. The parties agree that any such waiver must be unequivocally expressed and cannot be implied. The parties also agree that in resolving this issue, the Court must apply the 2005 version of the Mohegan Torts Code (Ordinance 2005-02), since the incident occurred on March 11, 2007. Subsequently, the 2007 Torts Code was adopted, effective April 18, 2007, to provide that:
Nothing herein shall be construed as a waiver of either the Mohegan Tribe or the Mohegan Tribal Gaming Authority of its sovereign immunity as to claims arising under any Connecticut General Statute ... Section 3-250(f)
While acknowledging that Section 3-250(f) is not directly applicable to the instant case, the defendant argues that it was added to ensure the Torts Code was properly interpreted to exclude claims arising under any Connecticut statute, including the Dram Shop Statute. The defendant cites to Resolution 2007-17, amending the 2005 Code, which states that “... the Tribal Council has reviewed the 2005 Code and has determined that additional language is necessary to clarify the existing language of the Torts Code to ensure the correct interpretation.” Accordingly, defendant submits that the 2005 Torts Code, even without the 2007 amendment, did not waive sovereign immunity with respect to claims based on Connecticut’s Dram Shop Statute.
The plaintiff counters by relying on the express language of the 2005 Torts Code. Section 4 of the 2005 Torts Code provided that: “the Mohegan Tribe of Indians of Connecticut intends this Code to govern the adjudication of torts from actions of the ... Mohegan Tribal Gaming Authority ...” A tort is then defined as “an injury to a person caused by a breach of a legal duty to that person, but does not include a *483 breach of a duty imposed by contract.” § 5(A)(23). Further § 10(B) of the Code states that “by adoption of this Code, the Mohegan Tribal Gaming Authority waives its sovereign immunity and consents to be sued by persons with torts claims arising under the Code ...” § 10(B).
The plaintiff maintains that the sole issue under the 2005 Tort Code is whether a Dram Shop claim is a tort claim. Relying on Sanders v. Officers Club of Connecticut, Inc., 196 Conn. 341, 348, 493 A.2d 184 (1985), where the Connecticut Supreme Court found that the Dram Shop Statute “creates a new tort liability”, and on a Connecticut Appellate Court decision stating that the Dram Shop Statute imposed tort, not penal liability, plaintiff concludes its claim necessarily sounds in tort. Gionfriddo v. Garienhaus Café, 15 Conn.App. 392, 399, 546 A.2d 284 (1988). Ipso facto, since the defendant has consented to be sued for torts claims, it has waived its sovereign immunity as to Dram Shop claims.
In resolving this dispute, the Court begins by noting that the Mohegan Sun Casino, as operated by defendant, MTGA, is an establishment where patrons gamble and consume alcoholic beverages. In view of the importance of the sendee of alcoholic beverages to the MTGA’s operations, it is inconceivable that the MTGA would waive its sovereign immunity with regard to Dram Shop claims in anything other than an express statement to this effect. The Court cannot find that the general waiver with respect to torts meets the test of an express, unequivocal waiver for Dram Shop claims.
There is another problem with plaintiffs argument. It disregards the fact that by its own terms, the Connecticut Dram Shop statute applies only to “persons” and “such person’s agents”. It does not, by its express terms, apply to the Sovereign State of Connecticut or its instrumentalities. The Court is not inclined here to broaden the application of the Connecticut statute beyond its express terms so as to encompass another Sovereign entity, the Mohegan Tribe and its subsidiary instrument, the MTGA. Accordingly, the Court grants the defendant’s Motion to Strike.