MEMORANDUM OF DECISION ON DEFENDANTS PATRICK T. LYONS AND PLAN B, LLC MOTION TO STRIKE
EAGAN, J.
INTRODUCTION
The defendants, Patrick T. Lyons and Plan B, LLC, have moved to strike counts four, six and seven of the plaintiffs’ Second Amended Complaint. Count four alleges negligence, while count six alleges nuisance. Count seven sets forth a claim for loss of filial consortium. Plaintiffs have filed an objection to the motion.
With regard to counts four and six, the Motion to Strike is denied. With regard to count seven, the Motion to Strike is granted.
I. BACKGROUND
This case arises out of a motor vehicle accident on March 7, 2009 that resulted in the death of Elizabeth Durante, the plaintiffs decedent and daughter of the individual plaintiffs, Kathleen and Keith Durante, The deceased was a passenger in a van *236 that was struck by a vehicle operated by Daniel Musser, who was traveling the wrong way on 1-395 at the time of the accident, and who was intoxicated.
Prior to the accident, it is alleged that Musser became visibly intoxicated while drinking at the Ultra 88 Night Club (“the Night Club”), also known as the Mohegan After Dark, located at the Mohegan Sun Casino. The defendant, Patrick T. Lyons, is a permittee of the Night Club and Plan B, LLC, is a backer and, allegedly, owner of the Night Club. The Mohegan Tribal Gaming Authority (MTGA) is a co-defendant.
This Court previously has ruled on a variety of motions filed by the parties, including a Motion to Dismiss by Patrick Lyons and Plan B, LLC (hereinafter the Lyons defendants) based on the prior pending action doctrine. In April 2011, this Court denied the Lyons defendants Motion to Dismiss.
II. STANDARD OF REVIEW
Pursuant to Mohegan Rules of Civil Procedure, Section 22, a motion to strike is the proper vehicle to contest “(1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross-clamor or any count thereof for failure to state a claim upon which relief can be granted.” For purposes of a motion to strike, “. •. all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted ...” Connecticut Coalition for Justice in Education Funding, Inc. v. Rell, 295 Conn. 240, 252-53, 990 A.2d 206 (2010).
On a motion to strike, the trial court must “construe the complaint in the manner most favorable to sustaining its legal sufficiency.” Sullivan v. Lake Compounce Theme Park, Inc., 277 Conn. 113, 117, 889 A.2d 810 (2006). If the facts alleged in the complaint would support a cause of action, the motion to strike must be denied. Batte-Holmgren v. Commissioner of Public Health, 281 Conn. 277, 294, 914 A.2d 996 (2007). However, the court may not look beyond the allegations in the complaint in the context of a motion to strike. Faulkner v. United Technologies, 240 Conn. 576, 580, 693 A.2d 293 (1997).
III. DISCUSSION
A. The Connecticut Dram Shop Act Does Not Preclude Plaintiffs’ Claims for Negligence and Nuisance
Because the plaintiffs’ claims of negligence and nuisance are based wholly on allegations surrounding the defendants’ service of alcohol, defendants maintain that these claims are impermissible under the State of Connecticut’s “Dram Shop Act”. The defendants reach this conclusion by reasoning that:
“Pursuant to Mohegan Tribal Code of Laws § 3-52, the General Statutes of Connecticut are adopted as the positive law of the Mohegan Tribe for application by the Gaming Disputes Court to the extent that any such statutes might conflict with a tribal law or ordinance. Connecticut General Statutes § 30-102, the “Dram Shop Act”, is the exclusive remedy for claims for injury as a result of service of alcohol, except for negligent service to a minor or reckless/wanton service of alcohol. There is no tribal law or ordinance which contradicts the Connecticut Dram Shop Act for claims against non-tribal entities. Thus, the Dram Shop Act is part of the positive law of the Mohegan Tribe to be applied by this Court.” Memorandum of Law in Support of Motion to Strike, p. 3
The defendants’ reasoning is faulty in that it disregards the decision in Fang v. Mohe *237 gan Tribal Gaming Authority, 3 G.D.R. 127, 7 Am. Tribal Law 481 (2008, Eagan, J). In Fang, the Court found that the Mohegan Tribe had not waived its sovereign immunity with regard to claims under the Connecticut Dram Shop Act and, therefore, the Act was not a part of the laws of the Mohegan Tribe.
The Gaming Disputes Court again confronted the issue of whether the Connecticut Dram Shop Act was part of the laws of the Mohegan Tribe in Lopez v. Mohegan Tribal Gaming Authority, 4. G.D.R. 96, 9 Am. Tribal Law 170 (2010, Wilson, J). Lopez was decided under a later version of the Mohegan Torts Code, effective April 18, 2007, which included the following amendment:
Nothing herein shall be construed as a waiver of either the Mohegan Tribe or the Mohegan Tribal Gaming Authority of its sovereign immunity as to claims arising under any Connecticut General Statute or arising under Connecticut common law. MTC § 3-250(f).
Based on this amendment, the Court found that “tribal sovereign immunity is not subject to State diminution” and again reaffirmed that the Connecticut Dram Shop Act is not a part of the Mohegan Tribal laws.
Accordingly, the plaintiffs’ claims of negligence and nuisance, respectively, in counts four and six of the Second Amended Complaint are not precluded by the Connecticut Dram Shop Act.
B. Loss of Filial Consortium Claim
The Lyons defendants’ Motion to Strike also addresses the claim of Elizabeth Durante’s parents for loss of filial consortium as set forth in count seven of the Second Amended Complaint. The defendants maintain that this parental loss of filial consortium claim must be stricken because Connecticut law, and thus Mohegan Tribal law, does not presently recognize a cause of action for loss of consortium between a parent and child. The plaintiffs do not dispute this conclusion but instead assert that: “The facts alleged in the Plaintiffs’ Complaint, however, present the Court with an ideal factual situation in which to recognize these loss of filial consortium claims.” Objection to Motion to Strike, pp. 21-22.
With regards to claims for loss of spousal consortium, the Connecticut Supreme Court first upheld the validity of such a claim in Hopson v. Saint Mary’s Hospital, 176 Conn. 485, 496, 408 A.2d 260 (1979). Subsequently, various Superior Court decisions recognized consortium claims brought by parents and children based on Hopson, supra. Orsini v. Wells Fargo, (loss of parental consortium), 1996 WL 466966, Superior Court, Docket No. CV960131445 (Aug. 2, 1996, Vertefeuille, J); Condon v. Guardiani, (loss of filial consortium), 1996 WL 240420 (1996); Davis v. Davis, (loss of filial consortium), Superior Court, Docket No. CV9677180, 1996 WL 156011 (March 15, 1996, Stanley, J); Scalisi v. Bristol Hospital, (loss of filial consortium), 1995 WL 410751 (1995); Foschini v. LeBlanc, (loss of filial consortium), 1995 WL 127848 (1995); Dastych v. New Britain General Hospital, (loss of parental consortium), 1994 WL 711188, Superior Court, Docket No. CV9405-3765 (Nov. 29, 1994); Cherry v. ABF Freight Systems, Inc., (loss of filial consortium), 1994 WL 324507 (1994); Paradiso v. Nasinka, (loss of parental consortium, but not filial consortium), 1994 WL 51055 (1994); Condron v. Pollak, (loss of filial consortium), 1993 WL 498900 (1993); Sliney v. Denisanko, (loss of filial consortium), 1993 WL 307644 (1993); Beckwith v. Akus, (loss of parental consortium), 1993 WL 78672 (1993); Henderson v. Micciche, (loss of parental consortium), 1992 WL 96829 *238 (1992); Kizina v. Minier, (loss of parental consortium), 1992 WL 16942 (1992).
However, another long line of Superior Court decisions took the contrary view and expressly rejected claims for loss of consortium arising out of the parent-child relationship. Clark v. Romeo, (filial), 561 F.Supp. 1209 (D.Conn.1983); O’Hazo v. Sousa, (parental), 1992 WL 161231 (1992); Michaud v. St. Mary’s Hospital, (parental), 1991 WL 162602 (1991); Bachanlal v. Tindoy, (parental), 1993 WL 119763 (1993); Williams v. Picard, (parental), 1993 WL 7599 (1993); Ligi v. Poveromo, (filial), 1997 WL 381391 (1997); Reed v. Austin, (filial), 1997 WL 242876 (1997); Shattuck v. Gulliver, (filial), 40 Conn.Supp. 95, 481 A.2d 1110 (1984); Reardon v. Mid-dlesex Hosp., (parental), 1992 WL 229154 (1992).
Then in 1998, for the first time, a higher Court addressed the issue of loss of consortium in the parent-child context. In Mendillo v. Board of Education, 246 Conn. 456, 717 A.2d 1177 (1998), the Connecticut Supreme Court confronted the issue of whether “to recognize a claim for loss of parental consortium by a minor child resulting from serious injury to the child’s parent.” Id. 477, 717 A.2d 1177. The Supreme Court affirmed the dismissal of a parental consortium claim and, in dicta, addressed filial consortium claims by noting that: “there is nothing in reason to differentiate the parent’s loss of the joy and comfort of his child from that suffered by the child.” Id. 486, n. 20, 717 A.2d 1177.
Following the Court’s Mendillo decision in 1998, the Durante plaintiffs have been able to provide only a single decision, Collins v. Dunlap, 1999 WL 185130 (1999), where a Connecticut Court has allowed a filial consortium claim to proceed, finding that: “Although the logic of Mendillo would indicate that since a child has no right to maintain an action for loss of consortium concerning a parent, a parent should have no right to seek damages for loss of consortium for a child. However, there is no specific holding to that effect.”[1]
This Court is not persuaded by this very weak endorsement of a claim for the loss of filial consortium in Collins. Instead, the Court believes the correct view is that adopted by virtually all of the Superior Court judges post-Mend;illo which have refused to recognize claims for loss of filial consortium. See Schlierf v. Abercrombie & Kent, Superior Court, Docket No. X02 CV05 5003467, 2011 WL 2418571 (May 19, 2011, Shaban, J); Browne v. Rommel, 2009 WL 2506328 (2009); Ferrara v. Side Street Grille, 2008 WL 3852453 (2008); Keough v. Dayton Const. Co., Inc,, 2011 WL 1168432 (Conn.Super.Ct.2011); Mercede v. Kessler, 2001 WL 220229 (2001).
Recently, Superior Court Judge Bright in Durante v. Mohegan Tribal Gaming Authority, Docket No. X04 HHD CV1160221305, Sup.Ct., Judicial District of Hartford, Complex Litigation Docket, June 12, 2012, confronted the precise issue of a loss of filial consortium claim now before this Court. The Durante plaintiffs there argued as they do here: “that it is time to abandon the reasoning of Mendillo and recognize a claim for loss of filial consortium.” Judge Bright rejected plaintiffs’ argument, finding instead: “that decision though is not for this Court to make. Until the Supreme Court says otherwise, *239 this Court is bound to follow the holding and reasoning of Mendillo. Doing so leads to the inescapable conclusion that, on the current state of the law, the defendants’ motion to strike ... must be granted,” Durante, p. 9—This Court agrees with Judge Bright and, accordingly, the Motion to Strike

. In Darby v. Chelouche, 48 Conn.Supp. 138. 832 A.2d 1239 (2003), Judge Skolnick recognized a cause of action for loss of filial consortium. However, following reargument, the decision was vacated, with Judge Skolnick noting that he “thereby will join all Superior Court judges who have ruled on this issue and rejected filial consortium as a recognized cause of action following Mendillo ...” 36 Conn. L. Rptr. 93 (2003).